## ROBT. HAMLIN v. JOHN H. TUCKER.

A plaintiff may in the same complaint join as separate causes of action, (1.) the harboring and maintaining his wife; (2.) the conversion of certain personal property, to which the plaintiff is entitled *jure mariti;* (3.) inducing the wife, while harbored and maintained, to execute to defendant a deed for land, under which he had received the rents; and (4.) converting to defendant's own use, certain mules, farming utensils, &c., set out in a marriage settlement executed by plaintiff and his wife.

CIVIL ACTION tried before *Hilliard, J.,* at Fall Term 1874, of BERTIE Superior Court.

The defendant demurred to the complaint of the plaintiff, for the misjoinder of several causes of action.

His Honor on motion of the plaintiff overruled the demurrer, and the defendant appealed.

The facts necessary to an understanding of the case are stated in the opinion of the CHIEF JUSTICE.

*D. C. Winston* and *Smith & Strong,* for appellant.
*P. H. Winston, Jr.,* contra.

PEARSON, C. J. There is no error in the ruling of his Honor, by which the demurrer was overruled.

The demurrer is put on the ground of a misjoinder of actions, in this : The complaint sets out in the first instance a cause of action for " harboring and maintaining the wife of the plaintiff."

In the second instance, a cause of action for converting certain personal property, not embraced by the marriage settlement to which the plaintiff was entitled *jure mariti.*

In the third instance, a cause of action for inducing the wife of plaintiff, while harbored and maintained, to execute to the defendant, a deed for land, under which he had received the rents.

In the fourth instance, a cause of action, for converting to his own use certain mules, farming utensils, &c., set out in a marriage settlement, executed by the plaintiff and his wife.

In our opinion the case is embraced by C. C. P. sec. 126. "The plaintiff may unite in the same complaint, several causes of action, whether they be such as may have heretofore been denominated legal or equitable, or both when they all arise out of—

1st. The same transaction, or transactions connected with the same subject of action," &c. The purpose being to extend the right of plaintiffs to join actions, not merely by including equitable as well as legal causes of action, but to make the ground broad enough to cover all causes of action, which a plaintiff may have against a defendant, arising out of the same *subject* of action so that the court may not be forced "to take two bites at a cherry," but may dispose of the whole subject of controversy and its incidents and corrollaries in one action. Should the action become so complicated and confused as to embarrass the Court in its investigation, the remedy furnished is, that the Court may *ex mero motu* refuse to pass upon matter not germain to the principal subject of action.

Here according to the admissions of matters of fact made by the demurrer, the subject matter of controversy, cannot be settled without deciding, not merely whether the defendant enticed the plaintiff's wife to leave him, and harbored and maintained her in violation of his conjugal rights, but whether he did not also as a part of his interference with the marital right of the plaintiff induce her to allow him to carry off and convert her pariphernalia, wardrobe, book case, cottage furniture, &c., and whether he did not by reason of her dependent position, induce her to execute a deed for her land, and thereby frustrate the purpose of the marriage settlement or to put such a cloud upon his rights under it, as to entitle the plaintiff to the aid of the Court as connected with the germain of having his wife enticed to abandon him, and harbored, and maintained in her resistance to his lawful authority.

There is no error.   This will be certified to the end that the Court below may take such action as may be agreeable to law.

PER CURIAM.                              Judgment affirmed.