## FERRIS *v.* ARMSTRONG MANUF'G CO.

(*Supreme Court, General Term, Second Department.* July 18, 1890.)

COUNTER-CLAIM—ARISING FROM INDEPENDENT TRANSACTIONS.

In an action for a wrongful arrest, defendant cannot set up as a counter-claim the judgment recovered by it in the action wherein plaintiff was arrested, as the judgment does not arise out of the wrongful arrest, the transaction set forth in plaintiff's complaint, nor is such judgment connected with the subject of plaintiff's action, within the meaning of Code Civil Proc. N. Y. § 501, which permits a counter-claim to be pleaded when it is based on a cause of action arising out of the transaction set forth in plaintiff's complaint, or when it is connected with the subject of the action.

Appeal from special term, Kings county.

Action by Francis J. C. Ferris against the Armstrong Manufacturing Company for a wrongful arrest and imprisonment. Defendant in its answer set up a judgment as a counter-claim, which judgment "was recovered in the same action in which the plaintiff was arrested." Plaintiff demurred to the counter-claim, and from a judgment sustaining the demurrer defendant appeals. For opinion in the action wherein plaintiff was arrested, see 4 N. Y. Supp. 610.

Code Civil Proc. N. Y. § 501, provides: "The counter-claim * * * must tend in some way to diminish or defeat the plaintiff's recovery, and must be one of the following causes of action against the plaintiff: * * * (1) A cause of action arising out of the contract or transaction set forth in the complaint as the foundation of the plaintiff's claim, or connected with the subject of the action."

Argued before DYKMAN and PRATT, JJ.

*Franklin Bien,* for appellant.　*Remsen & Parsons,* (*Daniel S. Remsen,* of counsel,) for respondent.

PRATT, J.　The case of *People* v. *Dennison,* 84 N. Y. 272, is conclusive in support of the decision below.　The plaintiff's cause of action is based upon the wrongful arrest.　The cause of action stated in the counter-claim is based on contract, and cannot be availed of in this suit.　Judgment affirmed, with costs.