Davis, J.
It is enacted by Section 5022, Revised Statutes, that an action for the recovery of a penalty, with certain exceptions, must be brought in the county in which the cause of action, or some part thereof, - arose. The petition does not show that the violation of the statute, for which the recovery of a penalty was sought, occurred in whole or in part in Seneca county, where the action was begun and prosecuted. The defendant did not demur to the petition nor answer as to the jurisdiction. It is conceded by the counsel for the plaintiff, defendant in error here, that the petition was demurrable and that it might have been dismissed upon a plea to the- jurisdiction of the court; but it is contended, and it was so held in the circuit court, that under such state of the pleadings and after a verdict and judgment against it, the defendant could not be permitted to raise the question of jurisdiction. The argument is based on the following language of Section 5063, Revised Statutes: “And if no objection be taken either by demurrer or by answer, the defendant shall be' deemed to have waived the same, except only the objections that the court has no jurisdiction of the subject of the action, and that the petition does not state facts sufficient to constitute a cause of action.” On the part of the defendant in error the contention is, that the words “subject of the action” are so much narrower in their meaning than “subject-matter” that they apply only to property and tangible objects in being, such as real property in Section 5019. In other words, it was argued and *180 decided in the circuit court, that a cause of action, for a penalty arising from a violation of a statute was not the “subject of the action.”
If a violation of a statute resulting in a liability to pay a penalty to the party aggrieved was not the subject of that action, then what was the subject of it? For it is not conceivable that an action can be maintained with no subject of controversy or inquiry to be determined by the court. If the subject of the action is not necessarily a tangible object having a definite location, as in the cases mentioned in Section 5019, but may be the the substance of a judicial inquiry which might, or might not, terminate in a judgment for a penalty, then this judgment is in plain conflict with Section 5063, as well as established principles of the common law. •
The phrase “subject of the action” occurs in the code of civil procedure in a number of places besides Section 5019 (see Sections 5016, 5058, 5061, 5062, 5063, 5069, 5076 and 5089), and in some of these it just as distinctly refers to something which is not a tangible object as'that is does refer to real estate in Section 5019. Take for example Section 3089, in which it is provided that a counterclaim or set-off “may become the subject of another action” ; or take Section 5069 which defines a counterclaim to be a cause of action arising out of the contract of transaction set forth in the petition, or a cause of action “connected with the subject of the action.” Construing corresponding language in the New York Code, the court of appeals said: “The present case falls under the last of these instances. ‘A subject’ is that on which any operation, either mental or material, is performed; as a subject for contemplation or controversy. The subject of an *181 action is either property (as illustrated by a real action), or a violated right. In the present instance, the subject of the plaintiff’s action was the expression ‘Number 10/ of which he claimed ownership as a designation of his business. The defendant’s counterclaim is a cause of action against the plaintiff growing out of his infringement of' the defendant’s right to the same expression, which he asserts belongs- to himself. It is closely united to the matter in controversy; it is, in fact, inseparable from it. In the language of the' code it is ‘connected’ with it.” The Glen & Hall Mfg. Co. v. Hall, 61 N. Y., 236. Compare The Zinc Carbonate Co. v. Bank, 103 Wis., 139, where it is said: “There is but one subject of action — the conspiracy to defraud and its consummation to the damage of plaintiff.” Also Hamlin v. Tucker, 72 N. C., 502, in which it was held that the subject of the action was “interference with the marital right of the plaintiff”; and Solomon v. Bates et al., 118 N. C., 311, 316, in which case there were Several causes of action in tort and the court said: “There is the same subject of action throughout, i. e., the plaintiff’s loss of his deposit.” Enough has' been said to show that the notion that the subject of an action must be a tangible thing of property, based on Section 5019, arises from a hasty induction and is not sound.
In their proper meaning, the terms “subject-matter,” “subject of the action” and “cause of the action” are not strictly synonymous, although they are often used interchangeably. The subject-matter of an action is the abstract subject of judicial inquiry, for example, the infliction of a penalty for violation of a statutory duty. The subject of *182 an action, in its strict sense, is the subject-matter applied to a particular case, as, the right of the plaintiff in the case to recover a penalty for violation of the statute. A cause of action is “the right to bring a suit.” Black’s Law Dictionary. These distinctions, we believe, are scientifically definite and in accord with good authority. The Chicago & Atlantic Ry. Co. v. Sutton et al., 130 Ind., 405; Hunt v. Hunt, 72 N. Y., 217, 229-230; Bliss on Code Pl., (3d Ed.), § 126; Pomeroy Code Remedies (4th Ed.), § 369. The author last cited is of the opinion that the term “subject of the action” was used by-the authors of the code and by the legislature as synonymous with, or rather in place of, “subject-matter of the action”; and this view is in harmony with the definitions which we have given. The importance of it will be seen further on. In Rodgers v. Mut’l Endowment Assessment Assn., 17 S. C., 406, 410, the court distinguishes between the subject of the action and the cause of action, and says: “The subject of action is what was formerly understood as the subject-matter of the action”; and this was quoted with approval in Box v. C. R. I. & P. Ry. Co., 107 Ia., 660, 666.
With the help of the conclusions which we have reached let us proceed to determine what rights are saved, under Section 5063, to a defendant who has neither demurred nor answered in respect to the jurisdiction of the court.
The term “subject-matter” does not occur in our code of practice, at least we have not discovered it; but it has nevertheless long been a universal rule that an objection to the jurisdiction of the “subject-matter” can not be wraived; because, while paities may voluntarily submit their persons to the juris *183 diction of a court which has jurisdiction over the cause, they cannot confer power on the court as to the subject-matter, for the reason that the court can derive its general jurisdiction only from the power which created it, the sovereignty. The statement of this principle and illustrations of its application may be found in the following cases. Gilliland v. Admrs. of Sellers, 2 Ohio St., 223, 228; McCleary v. McLain, 2 Ohio St., 369; Dayton & Western Railroad Co. v. Marshall, 11 Ohio St., 497, 501; Steamboat Gen. Buell v. Long, 18 Ohio St., 521, 533. Now, if we apply to the words “subject of the action” in Section 5063, the definition which was adopted by the circuit court, it results in the abrogation, by implication, of the foregoing rule, as to all cases in which the subject-matter does not relate to a tangible thing of property having a definite location. We cannot accept this conclusion; because we can not presume that the legislature intentionally conferred on any party to an action the power to confer jurisdiction of the subject-matter of the action, either intentionally or by neglect, when the legislature has not seen fit to give it. We prefer the construction of Prof. Pomeroy, that the legislature used the term “subject of the action” in place of, and with the same meaning as, “subject-matter of the action.”
' It was suggested in argument that the court of •common pleas has jurisdiction of the subject-matter involved in'this action. This is, perhaps, true in the abstract sense of the term, that is,' in a general sense the court of common pleas has jurisdiction over cases involving a penalty imposed, by statute; but it is entirely certain that the court of *184 common pleas within and for the county of Seneca has no jurisdiction over an action for the recovery of a penalty imposed by statute, unless the cause of action (that is, “the right to sue”) or some part of it arose in that county, for the reason that the legislature has expressly forbidden it except on the stated conditions. The jurisdiction is therefore limited and special as to the subject-matter of each individual action; and the conditions of jurisdiction must affirmatively appear before the court can rightfully entertain the case. This kind of an action is, by the statute, made a local action, not a transitory one. It cannot be brought wherever service can be obtained upon the defendant, nor wherever he may enter his appearance or waive jurisdiction over his person. It nowhere appears in this record that the cause of action, or any part of it, arose in Seneca county; but, on the contrary, we may take judicial notice, from maps published by authority of thé state, that neither of the two stations named in the petition, nor any part of the defendant’s line of railway between those stations, lies within the county of Seneca. Therefore it appears that the cause of action set forth in the petition did' not wholly or in part arise in the county in which the action is brought; and indeed it is not claimed that such is not the fact. The defendant in error rests his case on the theory that the plaintiff in error has waived the objection to the jurisdiction. For the'reasons stated we are of the opinion that the objection to the jurisdiction was such that the defendant below could not, and therefore did not, waive it. “Where the court has no authority to take cognizance of the subject-matter of the suit, the proceedings may be dis *185 missed at any stage of the case, when that fact i-s made to appear.” Thompson v. Steamboat, 2 Ohio St., 28; Steamboat v. Long, 18 Ohio St., 521, 526, 533; Hamilton v. Merrill, 37 Ohio St., 682, 684, 685. The judgments of the circuit court and the court of common pleas are reversed, and the original petition is

Dismissed.

Shauck, C. J., Price, Crew and Summers, JJ., concur.