OSCAR C. PRESSLEY v. THE GREAT ATLANTIC & PACIFIC TEA COMPANY, a CORPORATION.

(Filed 18 September, 1946.)

**1. Pleadings § 2—**

G. S., 1-123, will be liberally construed to the end that all justiciable controversies between the parties may be consolidated when the facts as to all may be stated as a connected whole, are so related in scope that they may be examined in connection with each other, and are connected with the same subject matter which constitutes one general right.

**2. Same—**

The fact that a connected story may be told of the transactions between the parties constituting the bases of several causes of action is not alone sufficient to justify the consolidation of the causes in the complaint, but it is also necessary that the causes be connected with the same subject of action.

**3. Same: Pleadings § 19b—**

The complaint alleged that plaintiff employee was injured by the negligence of defendant employer, that when plaintiff had partially recovered he returned and requested light work, that defendant demanded that plaintiff sign a release for the negligent injury, and that upon plaintiff's refusal, defendant discharged him. *Held:* The cause of action for negligent injury and the cause of action for wrongful discharge have no interdependent connection and are not connected with the same subject matter, and defendant's demurrer for misjoinder should have been allowed.

**4. Pleadings § 15—**

Even when two causes of action are improperly joined in the complaint, the action need not be dismissed upon demurrer. G. S., 1-132.

APPEAL by defendant from *Alley, J.,* at April Term, 1946, of BUNCOMBE. Reversed.

Civil action to recover damages (1) for personal injuries caused by the alleged negligence of defendant, and (2) for wrongful breach of contract of employment, heard on demurrer for misjoinder of causes of action.

In his complaint plaintiff alleges as a first cause of action that in May, 1944, he was employed by defendant, that in the course of said employment and while about his master's business he suffered certain personal injuries as a proximate result of the negligence of the defendant.

For a second cause of action he alleges that after he had in some measure recovered from his injuries he reported to defendant's manager for "light work," and that said manager advised him that in order "to continue his employment and be reinstated upon the payroll, the plaintiff would have to sign a release exonerating and discharging the defendant" from liability for said injuries, "whereupon the plaintiff declined to sign

a release, and the defendant wrongfully and unlawfully discharged the plaintiff."

The defendant demurred for that there is a misjoinder of causes of action. The demurrer was overruled and defendant appealed.

*Carl W. Greene and Guy Weaver for plaintiff, appellee.*
*Williams, Cocke & Williams for defendant, appellant.*

BARNHILL, J. "The plaintiff may unite in the same complaint several causes of action, of legal or equitable nature, or both, where they all arise out of—

"1. The same transaction, or transactions connected with the same subject of action." G. S., 1-123. This section has been liberally construed to the end that justiciable controversies may be expeditiously adjusted by judicial decree at a minimum of cost to the litigants and the public.

To that end we have held that "If the grounds of the bill be not entirely distinct and wholly unconnected; if they arise out of one and the same transaction or series of transactions, forming one course of dealing and tending to one end; if one connected story can be told of the whole," the complaint is not subject to attack by demurrer for misjoinder of causes of action. *Bedsole v. Monroe,* 40 N. C., 313; *Taylor v. Ins. Co.,* 182 N. C., 120, 108 S. E., 502.

" 'The plaintiff may unite in the same complaint several causes of action . . . when they all arise out of—1. The same transaction, or transactions connected with the same subject of action,' etc. The purpose being to extend the right of the plaintiffs to join actions, not merely by including equitable as well as legal causes of action, but to make the ground broad enough to cover all causes of action which a plaintiff may have against a defendant arising out of the same *subject* of action, so that the Court may not be forced 'to take two bites at a cherry,' but may dispose of the whole subject of controversy and its incidents and corollaries in one action." *Hamlin v. Tucker,* 72 N. C., 502; *Taylor v. Ins. Co., supra.*

This does not mean, however, that we may disregard the plain and unambiguous language of the statute which defines and limits the causes that may be united in one action.

That a connected story of the several transactions may be told is not alone sufficient. They must be *connected with the same subject of action.* *Hamlin v. Tucker, supra; Taylor v. Ins. Co., supra.*

Each cause of action must relate to one general right. *Daniels v. Fowler,* 120 N. C., 14; *Lee v. Thornton,* 171 N. C., 209, 88 S. E., 232;

*Cotton Mills v. Maslin,* 195 N. C., 12, 141 S. E., 348; *Trust Co. v. Peirce,* 195 N. C., 717, 143 S. E., 524. Each must be so germane to it as to be regarded really as a part thereof. McIntosh, P. & P., sec. 418, p. 430.

The complaint is multifarious unless all the causes of action alleged therein arose out of one and the same transaction or series of transactions forming one course of dealing, and all tending to one end. *Fisher v. Trust Co.,* 138 N. C., 224.

"There must be at least substantial identity between the causes of action before they can be united in one suit, because, if there is not, the several causes of action may, for their decision, depend upon very different facts and principles of law, which would tend to confusion and uncertainty in the trial of the case and result in great prejudice to some, if not all, of the parties." *R. R. v. Hardware Co.,* 135 N. C., 73.

The purpose of the statute is to permit the consolidation of causes of action when the facts as to all may be stated as a connected whole, are so restricted in scope that they may be examined in relation to each other, and are directed to the same *subject matter* which constitutes *one general right.*

While there is a casual relation between the two incidents alleged in the complaint, there is no causal or interdependent connection. They are not so connected that the circumstances surrounding both must be detailed in order to tell a complete story as to each. Recital of the facts on which the first cause of action is based does not require or permit the inclusion of those forming the basis of the second. Those of the first constitute no proper part of the second. Instead, the second begins where the first ends.

It is true a connected story may be told. Plaintiff was injured while in the employ of defendant. When he had partly recovered he returned and requested light work. A release was demanded and refused. Thereupon he was discharged. But the story thus told is not connected with the same subject matter and does not tend to prove a single general right. One is for injury to the person. The other is for a later wrongful breach of the contract. The first relates to the alleged failure of defendant to discharge its duty towards an employee. The second asserts the wrongful discontinuance of employment.

Thus *Hamlin v. Tucker, supra,* and *Peitzman v. Zebulon,* 219 N. C., 473, 14 S. E. (2d), 416, cited and relied on by plaintiff, are distinguishable. In the *Hamlin case* the primary or basic wrong was a violation of plaintiff's conjugal rights and each cause of action alleged was germane to the charge that defendant enticed plaintiff's wife to abandon him. In the *Peitzman case* the subject of the action was the right of plaintiff to compensation for work done.

It follows that the two causes of action alleged in the complaint are improperly joined. Even so, the action need not be dismissed. G. S., 1-132; *R. R. v. Hardware Co., supra.*

The judgment below is

Reversed.