STATE OF NORTH CAROLINA EX REL. NORTH CAROLINA UTILITIES COMMISSION v. THOMAS E. JOHNSON, B. H. BRIGMAN, W. D. BULLARD, H. L. DUNCAN AND J. W. MELTON.

(Filed 9 May, 1951.)

**Pleadings §§ 2, 19b—**

An action against separate defendants to enjoin them from committing separate and unconnected proscribed acts is properly dismissed upon demurrer for misjoinder of parties and causes, since there is no joint or common liability and no privity or community of interest among the separate defendants, G.S. 1-123. In the present case five taxicab operators were sued to enjoin the individual violation by them of G.S. 62-121.47, G.S. 62-121.72 (2).

APPEAL by defendants from *Crisp, Special Judge,* February Term, 1951, of RICHMOND. Reversed.

This was an action instituted by the North Carolina Utilities Commission against the above named individual defendants, taxicab operators, to restrain alleged violation by each of them of G.S. 62-121.47.

This statute exempts from regulation by the Utilities Commission persons and vehicles engaged in "transportation of passengers by taxicabs

or other motor vehicles performing *bona fide* taxicab service and carrying not more than six passengers in a single vehicle at the same time and not operated on a regular route or between fixed termini; provided, no taxicab while operating over the regular route of a common carrier outside of a town or municipality . . . shall solicit passengers along such route, but nothing herein shall be construed to prohibit a taxicab operator from picking up passengers along such route upon call, sign or signal from prospective passengers." G.S. 62-121.47. The Utilities Commission is authorized by G.S. 62-121.72 (2) to apply to the court for an order restraining violation of this Act.

Pursuant to this authority the Utilities Commission instituted this single action against the five defendants alleging that each of them had solicited passengers, operated on schedule, and hauled more passengers than permitted under the Act.

Each of the defendants demurred for misjoinder of parties and causes of action. Each of the demurrers was overruled, and defendants appealed.

*Attorney-General McMullan, Assistant Attorney-General Paylor, and R. Mayne Albright for State of North Carolina ex rel. North Carolina Utilities Commission, appellee.*

*Pittman & Webb and Jones & Jones for defendants, appellants.*

DEVIN, J. It is apparent that the plaintiff has improperly sought to unite in the same complaint separate and distinct causes of action against five different persons among whom there is no joint or common liability and no privity or community of interest. Suit against one of the defendants for the causes alleged in nowise affects the other four, and hence joinder may not be permitted under G.S. 1-123 which requires that the causes of action set out in the complaint "must affect all the parties to the action."

"It has been uniformly held by this Court that separate and distinct causes of action set up by different plaintiffs or against different defendants may not be incorporated in the same pleading, and that such a misjoinder would require dismissal of the action." *Snotherly v. Jenrette,* 232 N.C. 605, 61 S.E. 2d 708; *Foote v. Davis & Co.,* 230 N.C. 422, 53 S.E. 2d 311; *Davis v. Whitehurst,* 229 N.C. 226, 49 S.E. 2d 394; *Southern Mills v. Yarn Co.,* 223 N.C. 479, 27 S.E. 2d 289; *Wingler v. Miller,* 221 N.C. 137, 19 S.E. 2d 247; *Smith v. Land Bank,* 213 N.C. 343, 196 S.E. 481; *Wilkesboro v. Jordan,* 212 N.C. 197, 193 S.E. 155; *Bank v. Angelo,* 193 N.C. 576, 137 S.E. 705.

The demurrers should have been sustained and the action dismissed.

Reversed.