NASH JOHNSON AND WIFE, MARY SUE JOHNSON; EMMA C. JOHNSON; OPHELIA J. CARLTON; CARSON JOHNSON; FLETCHER JOHNSON; CORA JANE JOHNSON BOSTIC AND HUSBAND, RAEFORD BOSTIC; DOROTHY JOHNSON LANE AND HUSBAND, LESTER LANE; MAUDE JOHNSON HODGES AND HUSBAND, GEORGE HODGES; MAYE JOHNSON SORRELL AND HUSBAND, J. L. SORRELL; ARCHIE A. McMILLAN INDIVIDUALLY, AND ARCHIE A. McMILLAN, GUARDIAN FOR MARY IRENE McMILLAN, INCOMPETENT; MARY LOU WALLACE BONEY AND HUSBAND, JOHNNIE BONEY; LUCY WALLACE COOKENMASTER AND HUSBAND, CLYDE COOKENMASTER, v. VIRGINIA J. SCARBOROUGH; FLETCHER WALLACE AND WIFE, RENA WALLACE, AND BESSIE WALLACE BALKCUM.

(Filed 12 October, 1955.)

**1. Pleadings §§ 10, 15—**

Where the pleader demands affirmative relief upon allegations contained in his further answer, the further answer constitutes in reality cross-actions, and a demurrer is the proper procedure to test whether the further answer is bad for misjoinder of parties and causes.

**2. Pleadings § 19b—Demurrer for misjoinder of parties and causes held properly sustained.**

In this special proceeding for partition, respondents filed an answer setting up a cause of action against one of petitioners to cancel for fraud certain instruments and deeds executed to him and another, a second against the same petitioner for an accounting in respect to rents and profits received by him and another, since deceased, in the operation of a number of farms of another estate, a third cause of action against the same petitioner to cancel for fraud certain other deeds executed to that petitioner and another, a fourth cause against the parties to a special proceeding to partition the lands of a third estate, and to have the special proceeding in that partition proceeding declared void in so far as it affected respondents' interest, a fifth for an accounting against the administratrix and the same petitioner as administrator of the such other estate for rents and profits belonging to the estate, a sixth against the partner of one of the deceased ancestors for an accounting, and a seventh against the purchaser of such partner's interest for an accounting, and requesting the joinder of additional parties. *Held:* The cross-actions do not affect all of the parties, and the facts alleged do not constitute a connected series of transactions connected with the same subject of action, and therefore demurrer to the cross-actions for misjoinder of parties and causes of action was properly sustained.

**3. Pleadings § 20½—**

A misjoinder of parties and causes of actions in defendants' cross-actions is fatal, and the demurrer to such cross-actions requires dismissal.

WINBORNE, JOHNSON, and HIGGINS, JJ., took no part in the consideration or decision of this case.

APPEAL by the respondents Fletcher Wallace and wife, Rena Wallace, from *Joseph W. Parker, J.,* March Term 1955 of DUPLIN.

Special proceeding to partition real property of Norman V. Johnson, deceased, heard on a demurrer to the further answer seeking affirmative relief.

The petition alleges that petitioners and respondents are the heirs at law of Norman V. Johnson, deceased, and are entitled to have his lands sold, and the proceeds of the sale divided between them, since an actual partition cannot be made without injury to the parties interested. The petition alleges that Norman V. Johnson was sole owner of Tract One; that Tract Two consists of an interest in the real property of E. M. Johnson devised to Norman V. Johnson by the last will and testament of E. M. Johnson, deceased; and that Tract Three comprises a 1/11 undivided interest in the real property of B. D. Johnson, which Norman V. Johnson inherited as one of his heirs at law. It would seem from the petition, though it is not clear, that the interest of the heirs at law of Norman V. Johnson in the real property of E. M. Johnson is a 1/12 undivided interest.

The petition does not allege whether Norman V. Johnson died testate or intestate: the answer alleges he died intestate.

The respondents Fletcher Wallace and wife, Rena Wallace,—there is no answer by the other respondents in the record—filed answer denying the material allegations of the complaint, and praying that there be an actual partition of the real property described in the petition to the heirs at law, as their interests appear in the answer.

The respondents in their answer allege a further defense and a request for affirmative relief, which takes up over 24 pages in the record, and alleges in effect seven cross-actions, though they are not stated separately.

*First cause of action.* A cause of action to set aside as null and void all agreements, deeds and other documents, however designated, executed and delivered by respondents Fletcher Wallace and wife, and Bessie Wallace Balkcum, and petitioners Lucy Wallace Cookenmaster and husband, to Nash Johnson and B. D. Johnson, now deceased, and conveying, or purporting to convey, to Nash Johnson and B. D. Johnson their interest in the real and personal property of E. M. Johnson, deceased, as devisees and legatees under his last will and testament, on the ground that such agreements, deeds and other documents were procured by the fraud of Nash Johnson and B. D. Johnson.

*Second cause of action.* A cause of action for an accounting against Nash Johnson on the ground that he and B. D. Johnson, now deceased, operated jointly a number of farms which E. M. Johnson, now deceased, died seized and possessed of, after E. M. Johnson's death, and up to B. D. Johnson's death, and that Nash Johnson received the rents and profits from these farms, and fraudulently converted them to his own use to the injury and damage of these respondents as devisees of E. M. Johnson and as heirs at law of the interest of Norman V. Johnson, deceased, in the estate of E. M. Johnson; and on the further ground that Nash Johnson and B. D. Johnson, prior to his death, following the death of E. M. Johnson, sold timber in at least the amount of $25,000.00 from the lands of E. M. Johnson, deceased, devised to respondent Fletcher Wallace and his "co-devisees" under the last will of E. M. Johnson, with intent to cheat and defraud the answering respondents and to their damage.

*Third cause of action.* A cause of action to set aside as null and void three deeds executed and delivered by these answering respondents and others, conveying in the first two deeds a part of their interest as heirs at law in the estate of B. D. Johnson, deceased, to Nash Johnson, and conveying in the third deed a part of their interest in the same estate to other persons, whose names are not alleged, on the grounds that the execution of these deeds were procured by the fraud of Nash

Johnson. The answer does not describe the property conveyed in these deeds, nor does it name the grantees in the third deed, though it refers to Nash Johnson as a co-grantor in the third deed.

*Fourth cause of action.* A cause of action to have declared null and void so far as it adversely affects the interests of the answering respondents a special proceeding partitioning the lands of E. M. Johnson, deceased, instituted in Duplin County in 1948, which partition has been confirmed by the court.

*Fifth cause of action.* A cause of action for an accounting against Ophelia J. Carlton, administratrix, and Nash Johnson, administrator, of the estate of B. D. Johnson, deceased, for rents and profits collected by them belonging to the estate, and for the sale of at least $200,000.00 of timber belonging to the estate, and that they as administratrix and administrator be made parties to this action.

*Sixth cause of action.* A cause of action for an accounting against J. R. Croom, and that he be made a party to this proceeding, on the ground that he and E. M. Johnson, deceased, were partners in certain real estate and that he, after E. M. Johnson's death, collected rents and profits therefrom: the answering respondents being interested as devisees of E. M. Johnson.

*Seventh cause of action.* A cause of action for an accounting against J. T. Taylor, Jr., and that he be made a party to this proceeding, on the ground that he purchased the interest of J. R. Croom in the partnership property owned by Croom and E. M. Johnson, subsequent to Johnson's death, and should account for the rents and profits accruing therefrom after he took possession.

The further answer and defense alleges that Nash Johnson as administrator of the estate of Norman V. Johnson, deceased, is a necessary party and should be made such, because the heirs at law of Norman V. Johnson inherit his property, subject to his debts and the costs of the administration of the estate.

The further answer and request for affirmative relief fails to give the names of the makers and grantors in the instruments and deeds the answering respondents seek to have declared void by reason of fraud, nor are the interests of the answering respondents in these instruments and deeds described with any definiteness.

The petitioners demurred to the further answer and request for affirmative relief upon the grounds of a misjoinder of parties and causes, which grounds are specified in the written demurrer filed.

The court sustained the demurrer, and the answering respondents excepted and appealed, assigning error.

*Hubert E. Phillips and Butler & Butler for Petitioners, Appellees.*
*Jones, Reed & Griffin for Fletcher Wallace and wife, Rena Wallace, Respondents, Appellants.*

PARKER, J.　We are concerned here with a question of proper pleading. The allegations in the further defense for affirmative relief are in reality cross-actions, and a demurrer is the proper procedure to test the question as to whether or not there is a misjoinder of parties and causes. *Bank v. Angelo,* 193 N.C. 576, 137 S.E. 705; *Beam v. Wright,* 222 N.C. 174, 22 S.E. 2d 270.

The respondents have incorporated, what are in reality seven cross-actions, in one further answer. The first is against Nash Johnson to have declared void by reason of his fraud certain instruments and deeds conveying to him and B. D. Johnson respondents' interest in the E. M. Johnson estate. The second is against Nash Johnson for an accounting in respect to rents and profits received by him in the operating of a number of farms of the E. M. Johnson estate by him and B. D. Johnson, and in respect to the sale of timber of the E. M. Johnson estate, which rents and profits, and proceeds from the sale of the timber, he fraudulently converted to his own use. The third is against Nash Johnson and unnamed grantees to have declared void by reason of fraud three deeds; two deeds conveying to Nash Johnson and one deed conveying to these unnamed persons a part, or all, of respondents' interest in the B. D. Johnson estate. The fourth is against the parties to a special proceeding to partition the lands of E. M. Johnson, deceased, instituted in Duplin County in 1948, which partition has been confirmed by the court, to have the special proceeding declared void so far as it adversely affects respondents' interests. The fifth is for an accounting against Ophelia J. Carlton, administratrix of the estate of B. D. Johnson, deceased, and against Nash Johnson, administrator of the same estate, for rents and profits received belonging to the estate, and for the sale of at least $200,000.00 of timber belonging to the estate. The sixth is against J. R. Croom for an accounting as a partner of E. M. Johnson in certain real property. The seventh is against J. T. Taylor, Jr., for an accounting on the ground that he purchased Croom's interest in the lands owned by Croom and E. M. Johnson, and collected rents and profits from the real property.

In the third cause of action the grantees in the third deed are not named in respondents' answer, but they alleged that the deed bears the date of 11 April 1951, and is recorded in Book 475, page 316, in the Office of the Register of Deeds for Duplin County. In the demurrer it appears that the grantees in this deed are Rebecca Wilson for life, with remainder in fee to V. D. Wilson. The answer alleges Nash Johnson was a "co-grantor" in this deed.

It is obvious that the seven cross-actions do not affect all the parties to the cross-actions. The facts alleged in these cross-actions do not constitute a connected series of transactions connected with the same subject of action so as to invoke the rule laid down in *Trust Co. v. Peirce*, 195 N.C. 717, 143 S.E. 524; *Barkley v. Realty Co.*, 211 N.C. 540, 191 S.E. 3; *Leach v. Page*, 211 N.C. 622, 191 S.E. 349; *Pressley v. Tea Co.*, 226 N.C. 518, 39 S.E. 2d 382; *Erickson v. Starling*, 233 N.C. 539, 64 S.E. 2d 832. The seven cross-actions in the further answer are bad as against a demurrer. *Bank v. Angelo, supra; Atkins v. Steed*, 208 N.C. 245, 179 S.E. 889; *Holland v. Whittington*, 215 N.C. 330, 1 S.E. 2d 813; *Burleson v. Burleson*, 217 N.C. 336, 7 S.E. 2d 706; *Utilities Com. v. Johnson*, 233 N.C. 588, 64 S.E. 2d 829. Such a misjoinder is fatal, and causes a dismissal of respondents' cross-actions. *Atkins v. Steed, supra; Teague v. Oil Co.*, 232 N.C. 469, 61 S.E. 2d 345; *Utilities Com. v. Johnson, supra.*

In the drafting of pleadings it would be well for counsel to consider what this Court said in *R. R. v. Hardware Co.*, 135 N.C. 73, 47 S.E. 234: "There must be at least substantial identity between the causes of action before they can be united in one suit, because, if there is not, the several causes of action may, for their decision, depend upon very different facts and principles of law, which would tend to confusion and uncertainty in the trial of the case and result in great prejudice to some, if not all, of the parties."

The first question debated in respondents' brief is not presented for decision by their assignments of error.

The ruling of the court below in sustaining the demurrer is
Affirmed.

WINBORNE, JOHNSON, and HIGGINS, JJ., took no part in the consideration or decision of this case.