### JEWEL Y. KERSEY v. JACOB M. SMITH.

(Filed 4 May, 1960.)

**1. Pleadings § 8—**

The defendant in a civil action for assault and battery may not set up a counterclaim for malicious prosecution based upon a prior prosecution of the defendant instigated by plaintiff for the same assault.

**2. Same—**

In order for a cause of action in tort to be available as a counterclaim it must have arisen at the time of and out of the facts and circumstances constituting the basis of plaintiff's cause of action.

APPEAL by defendant from *Crissman, J.,* February Term, 1960, of RANDOLPH.

This is a civil action instituted by the plaintiff to recover damages from the defendant which allegedly resulted to the plaintiff from an assault and battery committed upon her person by the defendant on the night of 10 October 1959.

On 20 October 1959, the plaintiff caused a warrant to be issued charging the defendant with the crime of assault and trespass. There-

after, the plaintiff instituted this civil action for damages arising out of the assault upon which the warrant was based. The criminal action was tried in the Recorder's Court for Randolph County on 26 November 1959. Defendant was acquitted of the criminal charge. Thereafter, the defendant filed his answer to the complaint and set up a counterclaim to the plaintiff's action for malicious prosecution based upon the issuance of the warrant and subsequent acquittal of the defendant in the Recorder's Court.

The plaintiff demurred to the counterclaim in which the defendant seeks to recover for malicious prosecution, on the ground that the alleged cause of action for malicious prosecution did not arise out of the subject of the action upon which the plaintiff seeks to recover, as required by G.S. 1-137.

The court sustained the demurrer and dismissed the counterclaim. Defendant appeals, assigning error.

*Moser & Moser for plaintiff.*
*Miller & Beck for defendant.*

DENNY, J. We think the determinative question on this appeal is whether or not a counterclaim for malicious prosecution, based on the criminal prosecution instituted on 20 October 1959 and which ended favorable to the defendant, may be maintained in an action for alleged damages growing out of an assault allegedly committed on 10 October 1959.

Whatever right of action the plaintiff has growing out of the alleged assault, arose at the time of its commission on 10 October 1959. The defendant's cause of action, if any, did not arise until the criminal prosecution was instituted on 20 October 1959 and terminated in defendant's favor on 26 November 1959.

In the case of *Hancammon, et al v. Carr*, 229 N.C. 52, 47 S.E. 2d 614, the defendant Carr executed and delivered to one Malcolm E. Thomas a check for $377.13, drawn on the Peoples Savings Bank & Trust Company. Thomas secured certain merchandise from the plaintiffs and tendered the check in payment. Plaintiffs accepted the check duly endorsed and paid Thomas the difference in cash. The check was returned by the bank endorsed "Payment Stopped." Thereupon, plaintiffs procured a warrant against Carr, the maker of the check, charging him with the violation of our worthless check statute. On the trial in the county recorder's court he was convicted and appealed. When the cause came on for hearing in the Superior Court, a *nol pros* was entered. The plaintiffs then instituted an action against Carr

to recover the amount paid on said check. The defendant Carr, in his answer, set up a cross-action for damages for abuse of process in prosecuting the criminal action against him in uttering a worthless check in violation of the provisions of G.S. 14-106. Plaintiffs demurred to the cross-action on the ground that such cross-action was not pleadable in the action and in any event did not state a cause of action. The demurrer was overruled and the plaintiff appealed. This Court reversed the ruling on the demurrer. *Barnhill, J.,* later *C. J.,* speaking for the Court, said: "While there is a casual relation between the two incidents or 'transactions,' there is no causal or interdependent connection. They are not so connected that the circumstances surrounding both must be detailed in order to tell a complete story as to either. Recital of the facts on which plaintiffs' cause of action rests does not require or permit the inclusion of those forming the basis of defendant's cross-action. Instead, his claim begins where theirs ends. *Pressley v. Tea Co., supra* (226 N.C. 518, 39 S.E. 2d 382)."

A general discussion of this type of misjoinder is found in 10 A.L.R. 2d Anno:—Tort Counterclaim in Tort Action, page 1167, section 10, at page 1181, where the following is stated: "The decisions are uniform that in an action for malicious prosecution or false arrest the defendant cannot interpose a counterclaim for a distinct tort committed by the plaintiff against him even though that tort is the offense for which he had unsuccessfully prosecuted the plaintiff or caused his arrest." *Ferris v. Armstrong Mfg. Co.,* 32 N.Y.S.R. 908, 10 N.Y.S. 750, affirmed without opinion 125 N.Y. 722, 26 N.E. 756; *Rothschild v. Whitman,* 132 N.Y. 472, 30 N.E. 858.

Therefore, if a counterclaim cannot be maintained in an action for malicious prosecution, based on the tort which was the basis for the unsuccessful prosecution, it would seem equally clear that a counterclaim for malicious prosecution is not pleadable in an action based on assault and battery, where the facts constituting the alleged cause of action for malicious prosecution had not arisen at the time plaintiff's cause of action arose.

The weight of authority supports the view that a counterclaim based on tort, in order to be pleadable, must have arisen at the time and out of the facts and circumstances which constitute the plaintiff's cause of action. In the present case, it is clear that the alleged basis of the defendant's counterclaim did not arise out of the matters and things pleaded in plaintiff's cause of action but out of matters and things that occurred subsequently thereto.

In the case of *Finance Corp. v. Lane,* 221 N.C. 189, 19 S.E. 2d

849, *Seawell, J.*, speaking for the Court, said: "When the defendant's counterclaim lies in tort, the statute finds the test of eligibility in plaintiff's pleading. C.S. 521 (1). In the instant case the transaction set out in the complaint as the basis of plaintiff's action is not the same as that out of which the counterclaim arose—both time and circumstance negative that — and it is more than questionable whether defendant's alleged cause of action, as alleged, is sufficiently connected with the subject of plaintiff's action to come within the statute, however available it may be in an independent action."

Hence, we hold that the court below properly sustained the plaintiff's demurrer to the defendant's counterclaim. The defendant may have a cause of action for malicious prosecution; if so, he must assert it in an independent action.

The judgment of the court below is

Affirmed.