SIDNEY M. DOWD v. CHARLOTTE PIPE & FOUNDRY COMPANY, a Cor-
poration, and W. FRANK DOWD and Wife, ELIZABETH RODDEY
DOWD, FRANK DOWD, JR., RODDEY DOWD, W. D. THOMPSON, F.
DWIGHT STEPHENS, ROBERT C. STEPHENS, and E. H. HARDISON,
Said Individuals Constituting the Board of Directors and Also the
Officers of the Defendant Corporation.

(Filed 2 December, 1964.)

1. **Corporations §§ 13, 19, 27; Pleadings § 18— Causes for declara-
tion of dividends and for dissolusion of corporation may be properly
joined in action against corporation and its directors.**

   Demurrer for misjoinder of parties and causes of actions is properly
   overruled upon complaint in an action by a shareholder against the cor-
   poration and the individuals constituting its board of directors to compel
   the declaration of adequate dividends, G.S. 55-50(k), and to compel the
   liquidation and involuntary dissolution of the corporation upon allegations
   that defendant-director controlling a majority of the voting stock had in
   bad faith suppressed the declaration of dividends and had diverted cor-
   porate funds to his own use, thus precluding plaintiff from obtaining a fair
   dividend or a fair market value for his stock, since both causes of action
   arise out of the same subject matter and the statute permits the joinder of
   directors with the corporation as parties. G.S. 1-123.

2. **Pleadings § 2—**

   The complaint should allege the material facts entitling plaintiff to the
   relief sought concisely so as to pinpoint the controversy and disclose the
   proper issues for its determination, without allegation of evidentiary facts.
   G.S. 1-122.

3. **Pleadings § 34—**

   The court on motion should strike from the complaint the embellishments
   and banjowork inserted for their effect upon the jury.

APPEAL by defendants from *Copeland, S. J.,* April 6, 1964 Schedule
"D" Non-Jury Session, MECKLENBURG Superior Court.

The plaintiff, a shareholder in, and one of the directors of, the
Charlotte Pipe & Foundry Company, instituted this action on April
29, 1963, against the corporation and against all other directors. The
plaintiff undertakes to state two causes of action: (1) To require
payment of adequate dividends, and (2) to liquidate and dissolve the
corporation.

According to the allegations of the complaint, the corporation is a
closely held family business. The corporate stock consists of 2,000
shares of A, the voting stock, and 10,000 shares of B, non-voting stock.
Each share has a par value of $100.00. At the time the action was in-
stituted, the plaintiff was the owner of 240 shares of A, and 1209 shares
of B stock. The defendant, Frank W. Dowd, President and director,

owns 1,020 shares of A stock and since 1940 "has maintained absolute, positive and unchallenged control of each and every function of Charlotte Pipe & Foundry Company." Although the capitalization is $1,200,000, the assets exceed the capital by $7,800,000. The corporation has available cash surplus in excess of three million dollars and a net profit for the last year of operation of $500,000, and a net earning of $36.72 per share. The corporation paid a dividend of only $6.00 per share. Its liabilities, including taxes, do not exceed $500,000.00.

Here, quoted in full, are four paragraphs of the complaint:

"19. At the annual meeting of the Board of Directors of the defendant corporation on April 24, 1963, the plaintiff offered the following Motion:

" 'Resolved, that an extra dividend of $125.00 per share be and it hereby is declared upon all of the capital stock of the Charlotte Pipe & Foundry Company payable on the 24th day of May 1963, to all stockholders of record at the close of business on the 24th day of April 1963.'

"20. Immediately following the plaintiff's introduction of the Motion as set forth in the preceding paragraph, the individual defendant, W. Frank Dowd, stated, 'That Motion is dead; I just killed it.' "

"46. As of the fiscal year ending November 30, 1961, the defendant corporation had available for payment of dividends surplus in the minimum amount of $2,357,808.18."

"50. After payment of the aforementioned dividends in the amount of $72,000.00 a minimum of $2,736,800.84 remained as accumulated earnings and undistributed surplus. The individual defendant, W. Frank Dowd, through his arbitrary and dominant control of the defendant corporation and for lack of good faith has refused to permit just, reasonable and equitable dividends to be paid to this plaintiff and to the other shareholders, in complete derogation of their lawful and equitable rights to such profits based upon their holdings in the defendant corporation."

In his second cause of action (for liquidation of the assets of the company and its dissolution) the plaintiff alleges: The defendant W. Frank Dowd, since acquiring control, has dictated the policies of the corporation, "in lack of good faith," but for his own personal benefit and advantage.

"66. No shareholder of the defendant corporation will ever be able to secure payment of fair, just and equitable dividends so

long as the individual defendant, W. Frank Dowd, maintains his absolute, arbitrary control of his holding in excess of 50% of the Class A Voting stock, unless equitable relief is afforded by this Court.

"70.  As plaintiff is informed and believes and upon such information and belief alleges, the small dividend income and the attempt to deflate the true value of the corporate stock of the defendant corporation, all as directed by the individual defendant, W. Frank Dowd, has precluded this plaintiff from obtaining a fair market value for the sale of his stock. As the plaintiff is further informed and believes and upon such information and belief alleges, the plaintiff's remedy is now to compel the liquidation of the defendant corporation as the liquidation is reasonably necessary for the protection of the rights of this plaintiff who constitutes a complaining stockholder."

Throughout both causes of action, the plaintiff has alleged numerous instances in which the president has diverted to his own and to his family's use funds totaling many thousands of dollars belonging to the corporation. The complaint alleges details as to the purposes and the amounts of the diversions.

In his first cause of action plaintiff seeks a *mandamus* to compel the corporation to pay adequate dividends.

In the second cause of action he demands the following relief:

"2.  For the liquidation of the assets and business of the defendant corporation for the protection of the rights and interests of the plaintiff, pursuant to North Carolina General Statute 55-125 (a) (4).

"3.  For subsequent dissolution of the defendant corporation after order of liquidation of the assets and business of the said corporation, pursuant to the provisions of North Carolina General Statute 55-125(c).

"4.  For the appointment of a Receiver, in accordance with North Carolina General Statute 55-127, to effect the liquidation and involuntary dissolution of the defendant corporation, with such powers and duties as are provided in Article 38, Ch. 1, of the General Statutes of North Carolina.

"5.  For an accounting by order of this Court.

"6.  For the Court to entertain such further proceedings as may be necessary and proper for the involuntary liquidation of the as-

sets of the defendant corporation and the winding up and dissolution of the defendant corporation."

Upon motion of the defendants, the court struck 26 of the 90 paragraphs from the first cause of action and 13 of the 70 paragraphs from the second cause of action. Thereafter, the defendants filed a demurrer to the complaint upon the ground of misjoinder of parties and causes. The court overruled the demurrer. The defendants appealed.

*Warren C. Stack, James L. Cole for plaintiff appellee.*
*Blakeney, Alexander & Machen, Whiteford S. Blakeney, Ernest W. Machen, Jr., for defendant appellants.*

Higgins, J. The appeal involves the question whether the complaint shows a misjoinder of parties and causes. The demurrer was based solely upon that ground. May a stockholder in a corporation sue the corporation, and join its directors as defendants, for failure to declare adequate dividends from the corporation's earnings; and may he join therewith a second cause of action for liquidation and involuntary dissolution of the corporation based upon bad faith management in suppressing dividends and in deflating the value of the corporation's assets, thus precluding the plaintiff from obtaining either a fair dividend or a fair market for his stock?

The Business Corporation Act, G.S. 55-50 (k) provides: "Any action by a shareholder to compel the payment of dividends may be brought against the directors or against the corporation with or without joining the directors as parties." Hence the inclusion of the directors as defendants is not a misjoinder of parties to the first cause of action. When the power of the court in the exercise of its equitable jurisdiction is invoked to liquidate and decree involuntary dissolution under G.S. 55-125 (a) (4), there must be a showing that the liquidation is reasonably necessary for the protection of the rights or interests of the complaining shareholder. Subsection (3) provides that it shall not be necessary to make shareholders parties unless relief is sought against them personally. Clearly, directors would seem to be proper parties to a suit to dissolve the corporation upon the complaint of one shareholder, even though no relief is sought against them personally. We are not required, at this stage, to determine to what extent the interests of other shareholders may be balanced against those of one complaining shareholder who seeks liquidation and dissolution. The implication in the statute is that directors and other interested shareholders may be made, or, on their own application, may become parties to a complain-

ing shareholder's action to liquidate and dissolve the corporation. Certainly the directors are not improper parties.

The two causes of action arose out of the same controversy and involve the same subject-matter — the transaction of the corporate business. G.S. 1-123 permits such joinder. *Conger v. Ins. Co.*, 260 N.C. 112, 131 S.E. 2d 889; *Hancammon v. Carr*, 229 N.C. 52, 47 S.E. 2d 614; *Pressley v. Tea Co.*, 226 N.C. 518, 39 S.E. 2d 382.

We have difficulty in following the manifold ramifications of the complaint. As originally drafted, it contained 160 paragraphs covering more than 40 pages of the record. Thirty-nine paragraphs were stricken by the court. In preparing the complaint the draftsman evidently at all times stood far from and kept his back turned on G.S. 1-122. The requirement is: the complaint must give the title, the court, the county, the parties, and "a plain and concise statement of the facts constituting a cause of action without unnecessary repetition; and each material allegation must be separately numbered." The plaintiff should state the relief to which his allegations of fact entitle him. In a few simple words the pleadings should pinpoint the controversy and disclose the proper issues for its determination. It is the duty of plaintiff's counsel to follow the statutory requirement in preparing the complaint.

The trial judge, on motion, should strike from a complaint the embellishments and banjowork inserted for their effect upon the jury. If a plaintiff wants admissions or factual details, he should get them by interrogatories or by adverse examination. The reasons against pleading evidentiary details were stated by Merrimon, J., in *McLaurin v. Cronly*, 90 N.C. 50: "Reason and common justice, as well as THE CODE, require that the plaintiff shall state in a plain, strong, intelligible manner his grounds of action, and that the defendant shall in like manner state the grounds of his defense, and any counterclaims or demands he may have and desires to set up. This is not mere matter of form. It is of the essential substance of the litigation. It is necessary to the end the contending parties may understand and prepare to meet, each the other's contention, and prepare himself for the trial of issues of law or fact presented, that the court may have a proper, just and thorough apprehension of the controversy, and that the same may go into the record and stand as a perpetual memorial of the litigation and all that it embraces. Any other course of procedure would lead to endless confusion and litigation. If this were not done, it would be difficult to show what any litigation embraced or that it had been settled and ended, and when and how." See also, *Parker v. White*, 237 N.C. 607, 75 S.E. 2d 615.

While the two causes of action relate to the same controversy, we wonder what will become of the cause for dividends if the plaintiff is

successful in having the corporation liquidated and dissolved. The liquidation and dissolution would render moot any question involving dividends.

In view of the repetitious and evidentiary details in which the complaint was originally drawn, and even in which it was left as the result of the order to strike, the plaintiff will be well advised to draft a new complaint more in keeping with G.S. 1-122. He may obviate the apparent inconsistencies in his position by alleging the cause of action for dividends as an alternative in the event he fails in his efforts to liquidate and dissolve the corporation.

The complaint is objectionable for the reasons indicated, but it is sufficient to survive the demurrer for misjoinder of parties and causes.

Affirmed.