McGLADREY, HENDRICKSON & PULLEN v. SYNTEK FINANCE CORP.

[330 N.C. 602 (1992)]

McGLADREY, HENDRICKSON & PULLEN, a PARTNERSHIP (FORMERLY A. M. PULLEN & Co.) v. SYNTEK FINANCE CORPORATION (FORMERLY THE WASHINGTON GROUP, INCORPORATED)

No. 184A90

(Filed 10 January 1992)

**Costs § 37 (NCI4th)— action to require dividend—attorney fees— shareholder entitled to recover**

>        The trial court erred by denying plaintiff's motion to require defendant to pay its attorney fees where defendant had paid a dividend to all other preferred stockholders but contended that plaintiff had released any claim to a dividend in the settlement of a prior action, plaintiff sought to have defendant pay the dividend to it, the Court of Appeals ordered on appeal that summary judgment be entered for plaintiff, and plaintiff moved for attorney fees. Plaintiff is entitled to attorney fees under the plain language of N.C.G.S. § 55-50(k), which was in effect when this action was filed. That subsection does not say it is limited to actions brought under section 50 and indeed refers to any action, which would include actions other than those brought under section 50. Although the new Business Corporation Act provides that shareholders may recover attorney fees only in actions brought under Chapter 55, a legislative change in a statute is not persuasive as to the meaning of a statute when the meaning is clear from reading the plain language of the statute.

>    **Am Jur 2d, Costs § 30.**

>    Justice MARTIN dissenting.

>    Chief Justice EXUM and Justice MEYER join in this dissenting opinion.

APPEAL by the defendant pursuant to N.C.G.S. § 7A-30(2) from the decision of a divided panel of the Court of Appeals, 98 N.C. App. 151, 389 S.E.2d 636 (1990), reversing the judgment of *Martin (Lester P.), J.*, entered at the 7 August 1989 session of Superior Court, GUILFORD County. Heard in the Supreme Court 8 October 1990.

This case brings to the Court a question as to whether a corporation may be required to pay an attorney's fee to a plaintiff

**McGLADREY, HENDRICKSON & PULLEN v. SYNTEK FINANCE CORP.**

[330 N.C. 602 (1992)]

who has brought an action which required the corporation to pay dividends to the plaintiff. The plaintiff had rendered services as an accountant to The Washington Group, Inc., a predecessor to the defendant. The Washington Group went into bankruptcy and the plaintiff filed a claim for its accounting services. The plaintiff received for its claim preferred stock in the defendant as part of a reorganization in the bankruptcy.

Two actions were filed in federal court against the plaintiff and the defendant in which the plaintiffs in that action alleged malfeasance on the part of the plaintiff in this action in matters leading to the bankruptcy of The Washington Group. Syntek cross-claimed against Pullen for failure to provide proper accounting services. The parties in those actions settled the two cases and releases were executed by all parties.

In this action, the plaintiff sought to have the defendant pay a dividend to the plaintiff on the preferred stock the plaintiff owned in the defendant. The defendant had paid a dividend to all other preferred stockholders but it contended the plaintiff had released any claim to a dividend by the release it had signed in the federal court actions. The superior court granted a motion for summary judgment for the defendant. The Court of Appeals reversed and ordered that summary judgment be entered for the plaintiff, requiring the defendant to pay the dividend. *McGladrey, Hendrickson & Pullen v. Syntek Finance Corp.*, 92 N.C. App. 708, 375 S.E.2d 689, *rev. denied*, 324 N.C. 433, 379 S.E.2d 243 (1989).

The plaintiff made a motion that the defendant be required to pay plaintiff's attorney fees, which motion was denied by the superior court. The Court of Appeals reversed and the defendant appealed to this Court.

*Brooks, Pierce, McLendon, Humphrey & Leonard, by Reid L. Phillips and Jeffrey A. Batts, for plaintiff appellee.*

*Petree, Stockton & Robinson, by Norwood Robinson, Robert J. Lawing and Jane C. Jackson, for defendant appellant.*

WEBB, Justice.

The determination of this case depends on the application of N.C.G.S. § 55-50(k), in effect when this action was filed, which provided in part:

McGLADREY, HENDRICKSON & PULLEN v. SYNTEK FINANCE CORP.

[330 N.C. 602 (1992)]

> Any action by a shareholder to compel the payment of dividends may be brought against the directors, or against the corporation with or without joining the directors as parties. The shareholder bringing such action shall be entitled, in the event that the court orders the payment of a dividend, to recover from the corporation all reasonable expenses, including attorney's fees, incurred in maintaining such action.

We affirm the Court of Appeals. The plaintiff is entitled to recover its attorney's fees under the plain language of this section of the statute. When the language of a statute is clear and unambiguous, judicial construction is unnecessary and its plain and definite meaning controls. *Food House, Inc. v. Coble, Sec. of Revenue*, 289 N.C. 123, 221 S.E.2d 297 (1976). The plaintiff is a shareholder who brought an action to compel the payment of dividends. The court ordered the payment of the dividends and under the plain language of this section the plaintiff is entitled to recover reasonable attorney's fees.

The defendant argues that this is not an action to "compel the payment of dividends" within the meaning of former section 50(k) and no attorney's fees should be allowed. The defendant says that the former N.C.G.S. § 55-50 provided for the circumstances under which a corporation could be compelled to pay dividends and this action was not brought pursuant to such requirements of section 50. The defendant argues that subsection 50(k) applies only to actions brought pursuant to section 50 to compel the payment of dividends. We do not believe we should read this restriction into subsection 50(k). The subsection does not say it is limited to actions brought under section 50 and indeed it refers to "any action" which would include actions other than those brought under section 50.

The defendant contends that the new Business Corporation Act, which became effective 1 July 1990, offers compelling evidence that the former N.C.G.S. § 55-50(k) authorizes the award of attorney's fees only in actions brought pursuant to N.C.G.S. § 55-50. N.C.G.S. § 55-6-40(h) is the reenactment of former subsection 50(k) and it provides that shareholders may recover attorney's fees only in actions brought under Chapter 55. We do not believe a legislative change in a statute is persuasive as to the meaning of a statute whose meaning is clear from reading the plain language of the statute.

**McGLADREY, HENDRICKSON & PULLEN v. SYNTEK FINANCE CORP.**

[330 N.C. 602 (1992)]

The defendant argues that there was never any dispute about the propriety of its payment of dividends. Dividends were properly declared and paid to other stockholders. The question, says the defendant, involved the mutual releases in the federal court cases and whether the plaintiff had released its right to a dividend. Whatever defense was interposed in this case to the payment of a dividend, the action of the plaintiff was to compel the payment of a dividend.

The decision of the Court of Appeals is affirmed.

Affirmed.

Justice MARTIN dissenting.

I respectfully dissent from the majority's opinion. This action was not brought by the plaintiff to compel the payment of dividends within the meaning of N.C.G.S. § 55-50(k). In its complaint, plaintiff alleges: "4. On or about July 10, 1984, the Board of Directors of Syntek Finance declared and paid a dividend of $.25 per share of Preferred A stock." Defendant in its answer admits the allegations of paragraph four. Thus, it has been judicially determined that defendant paid the dividend at issue. The only issue is whether defendant should have paid the dividend upon the shares owned by plaintiff. The disagreement between the parties arose by virtue of the 31 August 1984 mutual release executed between the plaintiff and the defendant in which the parties released each other from all claims, liabilities, demands, actions, causes of action of any kind or character. Defendant plead this release in bar of the action that the plaintiff have and recover of the defendant damages representing the failure to distribute the dividend to plaintiff based upon plaintiff's ownership of shares.

I conclude that the statute is only for the purpose of requiring a corporation to declare and/or pay a dividend to a class of shareholders when the corporation has wrongfully failed to do so. The statute is not for the purpose of requiring the corporation to pay an individual person a dividend, but only to require the corporation to pay a dividend to all of its stockholders. The reasoning behind allowing the plaintiff in such case to recover all reasonable expenses including attorney's fees incurred in maintaining such an action, is to enable stockholders to pursue their rights to have a dividend declared and paid without fear of being liable for large

expenses and attorney's fees. The individual who brings an action on behalf of all similarly situated to have a dividend paid should not bear the full expense of maintaining such an action that is for the benefit of all shareholders. It is equitable under those circumstances that the plaintiff be reimbursed for his reasonable expenses including his attorney's fees; this the statute seeks to do.

However, these reasons are not applicable to a dispute between a shareholder and a corporation regarding whether this particular shareholder should receive payment of a dividend declared and paid by the corporation to all of its other shareholders. That is an individual dispute between the individual shareholder and the corporation, and the shareholders in general will not receive any benefit from such action. In that instance, it is neither reasonable nor equitable to apply this statute to allow reasonable attorney's fees. It is also to be noted that in N.C.G.S. § 55-50(k) the party bringing the action is entitled to recover from the corporation "all reasonable expenses," not being limited to attorney's fees. "All reasonable expenses" is a much broader phrase than "costs." It is proper for all reasonable expenses to be paid to a person bringing an action on behalf of all shareholders in order to have a dividend paid, but it would not be appropriate to allow an individual plaintiff to recover all reasonable expenses where he is suing the corporation to receive payment of a dividend which has already been declared by the corporation. That case is simply an ordinary lawsuit.

As stated by Chief Judge Hedrick in his dissent to the Court of Appeals' opinion, this action was brought to recover a debt owed to the plaintiff by the defendant. The dividend had already been paid by the defendant. This case was merely a dispute between an individual shareholder and the corporation and was not a suit brought to compel the declaration and payment of a dividend for the benefit of all shareholders. *See, e.g., Dowd v. Foundry Co.*, 263 N.C. 101, 139 S.E.2d 10 (1964) (suit brought by stockholder for failure of the board of directors to declare and pay a dividend from the corporation's earnings).

The majority falls into error when it construes this lawsuit to be one "to compel the payment of dividends" within the meaning of the statute. The dividend as admitted by both plaintiff and defendant had already been paid before this action was instituted; therefore, the action cannot be one to compel the payment of a dividend. Plaintiff's action is truly an action against the corporation

for a debt that it contends is owed to it for the corporation's failure to distribute to the plaintiff its share of the dividends. The allowance of "all reasonable expenses, including attorney's fees, incurred in maintaining such action" is not appropriate under the facts of this case. It was not the intent of the legislature in enacting N.C.G.S. § 55-50(k) to require corporations to pay "all reasonable expenses, including attorney's fees" for actions brought by an individual shareholder over a dispute with the corporation on whether he is entitled to share in a dividend paid by the corporation. These disputes are personal and are ordinary differences of opinion between parties. North Carolina corporations should not be burdened with paying all reasonable expenses and attorney's fees in cases of this type.

For the reasons stated, I vote to reverse the Court of Appeals and reinstate the decision of the trial judge.

Chief Justice EXUM and Justice MEYER join in this dissenting opinion.