WILLIAM EDGERTON *v.* JOHN H. POWELL, Administrator, and others.

An action brought to foreclose a mortgage upon a tract of land, cannot be joined with an action to recover the possession of another tract of land ——— causes not arising out of the same transaction, or transactions connected with the same subject of action.

CIVIL ACTION, tried before *Buxton, J.,* at January (Special) Term, 1874, WAYNE Superior Court.

All the facts necessary to an understanding of the case are stated in the opinion of the Court.

*Battle & Son*, for appellant.
*Smith & Strong* and *Smedes,* contra.

READE, J. The plaintiff held certain bonds against Samue Pate and a mortgage to secure the same on a moiety of a tract of land, the said Pate retaining the other moiety. Samuel Pate died, and the plaintiff commenced this action to foreclose the mortgage by a sale of the moiety covered by the mortgage, and for an account of the assets in the hands of the administrator, and a satisfaction of any balance that might remain after a sale under the mortgage. The defendants are Powell, the administrator of Samuel Pate, and the other defendants his heirs at law to whom the land descended. The defendants answer admitting the facts alleged in the complaint, except that they deny that the amount due the plaintiff is as much as alleged, and they agree to a sale for foreclosure, and insist that any balance due the plaintiff ought to be paid out of the personal assets of the intestate. And they allege that the intestate, subsequent to the mortgage, conveyed to the defendants, other than Powell, the moiety of said land not covered by the mortgage.

What was done under the complaint and answer does not appear. The answer was put in January, 1873.

EDGERTON *v.* POWELL, Adm'r. *et al.*

In March, 1873, tne plaintiff filed an amended complaint in which is set forth that the defendant Powell, administrator, had, under a decree of Court regularly obtained in a proceeding in which the other defendants were parties, sold the moiety of the land not mortgaged, for assets to pay debts of the intestate, and that at the sale the plaintiff bought that moiety, and took a title from the administrator, and he demands judgment for that moiety of the land claimed by the defendants, the heirs of the intestate, who claim to have bought for value of the intestate. These defendants answer the amended complaint, and set up their title, and they say, that they appeared before the Probate Judge who ordered the sale and objected to the order.

There are two distinct causes of action : First, to foreclose a mortgage upon one tract of land ; and second, to recover the possession of another tract of land. These causes do not " arise out of the same transaction, or transactions connected with the same subject of action," and therefore they cannot be joined. C. C. P., sec. 12.

It does not appear in the record what was done in the Court below as to the first cause of action ; only what was done as to the second cause is brought up by the appeal ; and as to that there is error.

As the whole case is not brought up, it cannot be disposed of in this Court. It must be remanded, that the parties may proceed as they may be advised.

The appellee will pay the costs in this Court. Remanded, and this opinion certified.

PER CURIAM.                    There is error, case remanded.