MARY VAN DYKE v. ÆTNA LIFE INSURANCE COMPANY.

(Filed 7 March, 1917.)

**Insurance, Life—Beneficiaries—Conflicting Claimants—Payment Into Court— Parties—Release.**

> Where an insurance company admits its liability on a policy matured by the death of the insured, and therein made payable to his children, and the insured has left a will appointing his wife his executrix and directing that his debts be paid out of its proceeds, and in an action

HOUSE *v.* BOYD.

thereon all the parties in interest are before the court, the payment into court of the moneys due under the policy will protect the insurer, and render immaterial the question as to the rightful beneficiaries, so far as it is concerned.

CIVIL ACTION, tried before *Cooke, J.,* at October Term, 1916, of VANCE.

This is an action to recover upon an insurance policy issued upon the life of Robert L. Van Dyke, and payable to his children.

The said Robert L. Van Dyke died in 1916, leaving a will in which he bequeathed the money arising from the insurance to his wife for the payment of his debts, and appointing his wife his executrix.

The wife is a party to the action individually and as executrix, and all of the children of the said Robert L. Van Dyke are also parties.

The defendant insurance company does not deny its liability, but contends that the money arising from the insurance ought to be paid to the children and not to the executrix.

Judgment was rendered in favor of Mary Van Dyke, and the defendant insurance company excepted and appealed.

The children were duly represented, and do not appeal.

*T. T. Hicks for plaintiff.*
*J. H. Bridgers for defendant.*

PER CURIAM. All persons who have any interest in the insurance money for which the defendant is liable are parties to this action and are bound by the judgment, and it follows that the defendant will be fully protected by the payment of the money, which it admits to be due.

As was said in *Hocutt v. R. R.,* 124 N. C., 217, the probability of a controversy between the wife and the children does not concern the defendant.

It is therefore unnecessary to consider the questions discussed in the briefs as to the right of the insured to change the beneficiary by his will.

Affirmed.