T. P. ROGERS AND E. M. CLAYTON AND BELVA CLAYTON, HIS WIFE
v. JOHN ROGERS.

(Filed 27 May, 1926.)

1. **Actions—Misjoinder—Demurrer—Dismissal—Pleadings—Consent.**

A proceeding under the provisions of C. S., ch. 9, to establish the true dividing line between adjoining owners of land, will be dismissed upon demurrer for misjoinder of parties and causes of action that involve the title or interests of others not related to the matter in dispute, and which are entirely independent thereof. In this case it appearing that no demurrer had been interposed and that the answer had been filed, it is suggested that by consent of the parties they may proceed with their original controversy if so advised.

**2. Appeal and Error—Supreme Court—Pleadings.**

   An answer filed in the Superior after the case is constituted in the Supreme Court on appeal can have no effect on the jurisdiction of the Supreme Court.

APPEAL by defendant from *Siler, Emergency Judge,* at February Term, 1926, of CHEROKEE.

*Dillard & Hill for plaintiff.*
*M. W. Bell for defendant.*

ADAMS, J. The plaintiffs instituted a proceeding before the clerk to establish a disputed boundary line as provided in C. S., 9. They filed their petition, the defendant filed an answer, and the cause was put on the civil docket for trial in term. Thereafter the plaintiffs filed an amendment to their complaint and the defendant demurred. The demurrer was overruled and the defendant excepted. In the amended complaint it is alleged: 1. That a part of the controversy relates to the dividing line between the lot numbered 19 and the two lots numbered 24 and 26; that T. P. Rogers has a life estate in No. 24 and that the defendant has no interest therein but claims that the line is 13 or 14 poles south of its true location, and that he has taken possession of a part thereof and wrongfully withholds possession. 2. That there is a tract of about four acres situated south of the true line, which upon the death of Ancil Rogers descended to his three sons Richard, John, and T. P. Rogers, and that the defendant has taken possession of it and excluded his cotenants. 3. That the defendant is in possession of a half-acre lot and a dwelling thereon and wrongfully withholds possession from B. B. Clayton who is the owner thereof. 4. That the defendant has unlawfully taken possession of a part of No. 24 and wrongfully withholds possession from T. P. Rogers, one of the plaintiffs.

   The relief sought is the location of the dividing line as contended by the plaintiffs; that T. P. Rogers be declared to be the owner of lot No. 24 and B. B. Clayton of No. 26, excepting the four-acre lot, and of the small lot of which the defendant is now in possession; that the plaintiffs be put into possession of their respective lots; that Richard L. Rogers, T. P. Rogers and the defendant be decreed tenants in common of the four-acre tract; that T. P. Rogers recover of the defendant $175 as damages for the wrongful withholding of his land; that B. B. Clayton recover $75; and that the defendant pay the costs of the action.

   It is alleged in effect that neither B. B. Clayton nor Richard L. Rogers has any interest in No. 24; that Richard, John, and T. P. Rogers are joint owners of the four-acre lot; that B. B. Clayton is the

owner of a large part of No. 26, including the half-acre lot; and that T. P. Rogers has no interest therein. B. B. Clayton has no interest in the damages which T. P. Rogers seeks to recover, and T. P. Rogers has no interest in the damages sought by B. B. Clayton. In substance two distinct causes of action are joined to recover separate tracts of land from the defendant—the ownership of the tracts being not joint, but several. It would seem, therefore, that the plaintiffs as to the recovery of the different lots have no community of interest and that there is a misjoinder of parties and of causes of action. *Edgerton v. Powell,* 72 N. C., 64; *Logan v. Wallis,* 76 N. C., 416; *Thigpen v. Cotton Mills,* 151 N. C., 97; *Campbell v. Power Co.,* 166 N. C., 488. In such case the usual practice is to sustain the demurrer and dismiss the action. *Roberts v. Mfg. Co.,* 181 N. C., 204; *Shore v. Holt,* 185 N. C., 312; *Weaver v. Kirby,* 186 N. C., 387; *Bickley v. Green,* 187 N. C., 772. In this case, however, the defendant filed an answer, not a demurrer, to the original petition and demurred to the "amendment to the complaint." We think the demurrer should be sustained; but if the plaintiffs are willing to proceed on the original petition and answer and to withdraw or waive the matters set up in the "amendment," which embraces matters outside the original complaint, we see no valid reason why they should not be permitted to do so. The answer put in issue the location of the line,—the purpose for which the proceeding was brought; and if the plaintiffs succeed in establishing the line as they contend a subsequent inquiry as to damages in separate actions would not be precluded. If they do not see fit to proceed on the original pleadings the action should be dismissed without prejudice to the parties.

After the appeal was taken and while the case was pending here the defendant as a matter of precaution filed an answer to the amendment; but of course this could have no effect on the jurisdiction of this Court.

The judgment overruling the demurrer is

Reversed.