BETTIE GREENE ET AL. v. M. C. JONES ET AL.

(Filed 1 May, 1935.)

**Pleadings D b — Demurrer for misjoinder of parties and causes held properly sustained in this case.**

An action by a widow, individually and as administratrix of her deceased husband, and the heirs at law of the deceased husband, to recover two tracts of land, one of which had been held by the widow and her husband by entirety, upon allegations that defendants had obtained title thereto from the widow and her husband wrongfully, is properly dismissed upon demurrer for misjoinder of parties and causes of action, for that the widow as administratrix could have no interest in her husband's real estate of which he died seized, in the absence of allegation that the personalty was insufficient to pay debts; and the widow, as administratrix, and the heirs at law could have no interest in the land formerly held by the deceased and his wife by the entirety.

APPEAL by plaintiffs from order sustaining demurrer made by *Cowper, Special Judge,* at December Special Term, 1934, of WAKE. Affirmed.

*J. W. Barbee and J. M. Templeton for plaintiffs, appellants.*
*Jones & Brassfield for defendants, appellees.*

PER CURIAM. This action was instituted by Bettie Greene, Bettie Greene, next friend of Tullie Greene, Gilbert, Katie and Bettie May Greene, minors; Robert Greene, Blanie Davis and husband; Fannie Greene, Ruby, Baxter, and Vann Greene, and Bettie Greene, administratrix of A. R. Greene, against M. C. Jones and J. P. Jones, trading and doing business as M. C. Jones & Son, Durwood Vaughn, Oris Vaughn, Evelyn Paschall, Jeter Paschall, Janet Stallings, Maurice Stallings, Ione Burchette, Herman Burchette, Sadie Nichols, Ed. Nichols, K. L. Nichols, Jr., Wilma Perkins, J. P. Jones, administrator of M. C. Jones, and Hama Perkins, for the recovery of the separate values of two certain tracts of land in Cedar Fork Township, Wake County, containing 47

acres and 30 acres, respectively, titles to which it is alleged were wrongfully procured by the defendants from Bettie Greene and her late husband, A. R. Greene. It is alleged in the complaint that A. R. Greene died seized and possessed of the 47-acre tract, and that at the time of his death he and his wife, Bettie Greene, held the 30-acre tract by the entirety, and that the value of the former tract was $3,500, and that the value of the latter tract was $4,000. Bettie Greene, as administratrix of A. R. Greene, can have no interest in the real property of which her intestate died seized, in the absence of any allegation that his personal estate was insufficient to pay his debts, and as such administratrix she can have no interest in the tract of land formerly held by her and her husband by the entirety. The other plaintiffs, who are heirs at law of A. R. Greene, have no interest in the tract of land formerly held by the deceased and his wife by the entirety. It is, therefore, manifest that there can be no community of interest among the various plaintiffs as to the recovery of the different tracts of land, or of the values thereof, and that the demurrer was properly sustained for that there was a misjoinder of parties as well as causes of action. *Thigpen v. Cotton Mills,* 151 N. C., 97; *Campbell v. Power Company,* 166 N. C., 488; *Rogers v. Rogers,* 192 N. C., 50.

Affirmed.