GULF LIFE INSURANCE COMPANY, AND SHERWOOD H. SMITH, JR., TRUSTEE, v. CHARLES A. WATERS AND WIFE, MALLIE M. WATERS.

(Filed 1 November, 1961.)

1. **Pleadings § 18—**

    A further answer and defense, as well as a complaint, may be challenged on the ground of misjoinder of parties and causes of action by demurrer.

2. **Pleadings § 3;   Parties §§ 3, 8—**

    G.S. 1-73, authorizing the court to bring in new parties under certain conditions, and G.S. 1-69, prescribing who may be defendants, are subject to the limitations of G.S. 1-123, prescribing what causes may be joined, and it is improper to join additional parties defendant to litigate a separate cause of action between the original defendant and such additional defendant when such cause may not be properly joined with the cause of action alleged by the original plaintiff against the original defendant.

3. **Pleadings § 3—**

    If an action involves title to several tracts of land and all of the parties are not interested in all of the tracts, there is a misjoinder of parties and causes.

4. **Same;   Pleadings § 8—   Demurrer to further answer and defense for misjoinder of parties and causes held properly sustained.**

    In an action on a note and to foreclose a deed of trust securing same defendants alleged that they owned lots 6, 7, and 8 and that through mistake defendants conveyed to plaintiffs as security and to the respec-

tive purchasers of each of the other two lots, a lot other than that intended to be conveyed, and prayed that the respective purchasers of the other two lots be joined as parties defendants and that all three conveyances be reformed to convey the lot intended to have been conveyed by the instruments, respectively. *Held:* Plaintiffs and the respective additional defendants were not all interested in each of the lots and the respective causes of action do not arise out of the same transaction or transactions connected with the same subject matter, and plaintiffs' demurrer to the further answer and defense was properly sustained.

APPEAL by defendants Charles A. Waters and wife, Mallie M. Waters, from *Hooks, S.J.,* 14 August 1961 Special Civil B Term of MECKLENBURG.

Civil action to collect a debt evidenced by a note secured by a deed of trust upon certain real property, heard on a demurrer on the ground of a misjoinder of parties and causes to the further answer and defense of the defendants Waters.

The complaint alleges that this debt in the amount of $16,500.00 arose out of Gulf Life Insurance Company's payment on behalf of Charles A. Waters and wife, Mallie M. Waters, of two construction loans which had been undertaken by the Waterses to erect a residence upon a certain Lot 6 in Block F as shown on an unrecorded map of Moore's Park, which property is situate in Berryhill Township, Mecklenburg County, and that the payments required by the note on this debt are in arrears. Ancillary to this cause of action to collect the debt evidenced by the Waterses' note in the amount of $16,500.00, the complaint prays that the court direct the foreclosure of a duly recorded deed of trust, executed by Charles A. Waters and wife, Mallie M. Waters, dated 28 July 1958, covering this Lot 6, which is fully described by metes and bounds in the deed of trust, and which Lot 6 had been conveyed by the deed of trust to Gulf Life Insurance Company as security for the debt to Gulf Life Insurance Company.

Charles A. Waters and wife, Mallie M. Waters, filed an answer containing a further answer and defense and motion to make new parties defendant, which admits they are indebted to Gulf Life Insurance Company in the sum of $16,500.00 evidenced by their note, and which further admits that they executed and delivered a deed of trust on the said Lot 6 to Gulf Life Insurance Company to secure the payment of this note.

The further answer and defense alleges in substance: The Waterses purchased from the developers of Moore's Park a tract of land fronting 320 feet on the east side of Virginia Circle and immediately to the north of Lot 5, Block 7, as shown on a recorded map.

On the first 110 feet of this frontage from Lot 5 the defendants

Waters built a house and a swimming pool, and designated it as Lot 6. The defendants Waters contracted to sell to Robert E. Stastny and wife this Lot 6 and the house and swimming pool thereon, and delivered possession thereof to them. The Stastnys borrowed money on this house and lot on Lot 6 from the First Federal Savings & Loan Association, and gave it a deed of trust to secure the loan.

On the next 100 feet of this frontage the defendants Waters built a house, and designated it as Lot 7. The defendants Waters contracted to sell to Ernest W. Cates and wife this Lot 7 and the house thereon, and delivered possession thereof to them. The Cateses borrowed money on this house and lot from the Gulf Life Insurance Company, and gave it a deed of trust on the property to secure the loan.

The remaining 110 feet of this frontage is a vacant lot, which the defendants Waters designated as Lot 8.

No dates in respect to the Stastnys' and Cateses' transactions are set forth in the Waterses' answer.

Thereafter, at a time when the Waterses had a number of houses under construction in Moore's Park, they intended to borrow on one of these houses under construction from the Gulf Life Insurance Company the sum of $16,500.00, and this insurance company intended to lend them on one of these unidentified houses $16,500.00, and did so lend them this sum.

In the Stastnys' transaction the contracts, deed, deed of trust and note were all handled by agents of the Stastnys and the First Federal Savings & Loan Association. In the Cateses' transaction all the similar things were handled by Cates, their agents, and Gulf Life Insurance Company. In the transaction relating to the $16,500.00 loan to defendants Waters by Gulf Life Insurance Company on some unidentified house in Moore's Park, all things were handled by the Gulf Life Insurance Company.

By mutual mistake of the defendants Waters, the purchasers, the Stastny's, and the lender, First Federal Savings & Loan Association, the Cateses' house and Lot 7 were conveyed to the Stastnys and First Federal Savings & Loan Association instead of Lot 6 and the house and swimming pool thereon. By mutual mistake of the defendants Waters, the purchasers, the Cateses, and the lender, Gulf Life Insurance Company, the vacant Lot 8 was conveyed to the Cateses and Gulf Life Insurance Company instead of Lot 7 and the house thereon.

Justice demands that the court enter decrees directing that corrective deeds and deeds of trust be exchanged so that the Stastnys should have title to Lot 6 and the house and swimming pool thereon, and First Federal Savings & Loan Association should have a deed of trust on said property, and so that the Cateses should have title to

Lot 7 and the house thereon and Gulf Life Insurance Company should have a deed of trust on the vacant Lot 8 (sic), to the end that the intent of the parties shall be carried out.

Gulf Life Insurance Company in the case of Lot 6 caused title insurance to be purchased from Lawyers Title Insurance Company of Richmond, Virginia, and in case of Lot 8 caused title insurance to be purchased from Kansas City Title Insurance Company, Kansas City, Missouri, and the defendants Waters allege, on information and belief, that the two title insurance companies have paid under their policies some unknown amount to Gulf Life Insurance Company, and have taken subrogation interests in the properties from Gulf Life Insurance Company, and are now the real parties in interest.

The Stastnys, the Cateses, First Federal Savings & Loan Association and the two title insurance companies are all proper and necessary parties to a full and final determination of the matters here in controversy and the defendants Waters pray that they be made parties defendant. The clerk of the superior court of Mecklenburg County entered an order making all of them parties defendant as prayed, and giving them 30 days within which to plead.

Plaintiffs demurred to the further answer and defense of the defendants Waters for the reason that it appears on the face thereof there is a misjoinder of parties and causes of action, in that all causes do not affect all parties to the action. Plaintiffs specify the ground of their demurrer as follows: Plaintiffs' complaint alleges a cause of action against defendants Charles A. Waters and wife, Mallie M. Waters, to collect a debt to it evidenced by their note and to secure a foreclosure sale of a specific lot of realty conveyed by them in a deed of trust as security for the debt. Defendants Waters' further answer and defense alleges multiple actions against other parties based on various contracts and alleged mutual mistakes, and they pray for equitable decrees directing corrective deeds and deeds of trust between other parties concerning other lots of realty, which do not affect all parties to this action.

. The judge hearing the demurrer issued an order sustaining the demurrer, directing that the further answer and defense and the motion to make new parties defendant be stricken from the answer of the defendants Waters, and that the order of the clerk making new parties defendant be vacated.

From the order entered the defendants Waters appealed.

*Lassiter, Moore and Van Allen By: Sherwood H. Smith, Jr., for plaintiffs, appellees.*

*Richard M. Welling, attorney for defendants, Charles A. Waters and wife, Mallie M. Waters, appellants.*

PARKER, J.   We are concerned here with a question of proper plead-ing. A demurrer is the proper procedure to test the question as to whether or not there is a misjoinder of parties and causes of action. *Johnson v. Scarborough,* 242 N.C. 681, 89 S.E. 2d 420; *Bank v. Angelo,* 193 N.C. 576, 137 S.E. 705.

The several causes of action which may be united or joined in the same complaint are classified and enumerated in G.S. 1-123, and in addition the following limitation is expressly incorporated therein: "But the causes of action so united must all belong to one of these classes, and, except in actions for the foreclosure of mortgages, must affect all the parties to the action, and not require different places of trial, and must be separately stated."

Appellants in their brief have omitted any reference to G.S. 1-123, but rely on G.S. 1-73, which authorizes the court to bring new parties into an action under certain conditions, and on G.S. 1-69, who may be defendants. This Court said in *Moore v. Massengill,* 227 N.C. 244, 41 S.E. 2d 655, in reference to G.S. 1-73: "It is not intended to author-ize the engrafting of an independent action upon an existing one which is in no way essential to a full and complete determination of the original cause of action." The Court in that decision quotes the fol-lowing sentences, *inter alia,* from *McDonald v. Morris,* 89 N.C. 99, in reference to The Code § 184 and § 189, which are now substantially G.S. 1-69 and G.S. 1-73: "But it does not imply that any person who may have cause of action against the plaintiff alone, or cause of action against the defendant alone, unaffected by the cause of action as be-tween the plaintiff and defendant, may or must be made a party. It does not contemplate the determination of two separate and distinct causes of action, as between the plaintiff and a third party, or the de-fendant and a third party, in the same action." It seems clear that G.S. 1-69 and G.S. 1-73 are subject to the limitation expressly in-corporated in G.S. 1-123 quoted above.

This Court has held on numerous occasions where an action con-cerns the title to several tracts of land there is a misjoinder of parties and causes of action if all the parties are not interested in all the tracts of land. *Burleson v. Burleson,* 217 N.C. 336, 7 S.E. 2d 706; *Hol-land v. Whittington,* 215 N.C. 330, 1 S.E. 2d 813; *Greene v. Jones,* 208 N.C. 221, 179 S.E. 662; *Rogers v. Rogers,* 192 N.C. 50, 133 S.E. 184.

This Court held in *Edgerton v. Powell,* 72 N.C. 64, that an action brought to foreclose a mortgage upon a tract of land cannot be joined with an action to recover the possession of another tract of land, the causes not arising out of the same transaction, or connected with the same subject of action.

The question presented by the demurrer for decision is whether all parties are affected by all the causes of action alleged in appellants' further answer and defense, not whether some parties may be affected by some causes of action. It is obvious that the multiple causes of action alleged in appellants' further answer and defense do not affect all the parties to the action, do not arise out of the same transaction, nor are all the transactions connected with the same subject of action.

For instance, plaintiffs are not affected by the alleged cause of action to correct and reform appellants' deed to the Stastnys and the deed of trust from the Stastnys to First Federal Savings & Loan Association. This alleged cause of action does not arise out of the transaction between plaintiffs and appellants alleged in the complaint, nor is it connected with the same subject of action as plaintiffs' subject of action. It appears from appellants' further answer and defense that the appellants' transaction with the Stastnys occurred sometime after appellants' deed of trust declared upon in the complaint had been recorded in the public registry of Mecklenburg County. In passing on the demurrer we can only consider the face of appellants' further answer and defense, however, it may not be entirely amiss to state that the Stastnys in their answer allege that appellants practiced fraud and deceit upon them in the transaction, and that appellants in respect to the transaction instituted an action against them in the superior court on 10 March 1959, which is now pending. The same is true in respect to the alleged cause of action to correct and reform appellants' deed to the Cateses, and their deed of trust to Gulf Life Insurance Company. Patently the Cateses and Kansas City Title Insurance Company are not affected by plaintiffs' cause of action against appellants.

An analysis of the case indicates that even the most liberal principles would not justify a joinder of all the parties and causes of action asserted by the defendants Waters. In the first place, the causes lack a unifying thread like provisions of a trust or will or misapplication of funds by principal defendants. Secondly, the facts alleged in these multiple causes of action do not constitute a connected series of transactions connected with the same subject of action so as to invoke the rule laid down in *Trust Co. v. Peirce,* 195 N.C. 717, 143 S.E. 524; *Barkley v. Realty Co.,* 211 N.C. 540, 191 S.E. 3; *Leach v. Page,* 211 N.C. 622, 191 S.E. 349; *Pressley v. Tea Co.,* 226 N.C. 518, 39 S.E. 2d 382; *Erickson v. Starling,* 233 N.C. 539, 64 S.E. 2d 832.

It is clear that the Waterses' further answer and defense and motion to make new parties defendant and the joinder of the additional parties by order of the clerk have created a misjoinder of parties and

causes of action which is fatal, and causes a dismissal of the Waterses' further answer and defense and a striking of it from their answer. *Johnson v. Scarborough, supra; Atkins v. Steed,* 208 N.C. 245, 179 S.E. 889; *Teague v. Oil Co.,* 232 N.C. 469, 61 S.E. 2d 345; *Utilities Com. v. Johnson,* 233 N.C. 588, 64 S.E. 2d 829.

The appellants rely on G.S. 1-57, actions must be prosecuted by the real party in interest. The decision here does not deprive appellants of the provisions of that statute, which is still available to them as a defense, if applicable.

The plaintiffs instituted this action to collect a debt from the defendants Waters. The multiple causes of action alleged in the further answer and defense of the appellants depend upon very different facts not arising out of the same transaction, or transactions connected with the same subject matter, and different principles of law, involving different causes of action, and would tend to create confusion and uncertainty in the trial of plaintiffs' action, if permitted to remain in the case. The appellants and any of the additional defendants made parties defendant by the clerk's order may litigate whatever controversies they have, if they so desire, in independant actions.

The order below sustaining the demurrer, and vacating the clerk's order making additional parties defendant, is

Affirmed.