QUENBY CORP. v. FRANK H. CONNER COMPANY, ORIGINAL DEFENDANT; MONROE MECHANICAL CONTRACTORS, INC.; ARROW, INC.; WINECOFF ELECTRIC CO., INC.; W. J. SULLIVAN; AND INTERSTATE ROOFING CO., INC., ADDITIONAL DEFENDANTS.

(Filed 13 December, 1967)

1. Appeal and Error § 1—

Where only two of five additional defendants appeal from plaintiff's motion that the order making them additional defendants be revoked and the counterclaims against them be stricken, the Supreme Court is limited to a determination of the rights of the two appealing defendants and must render judgment to which appealing defendants are entitled, even though the decision has the effect of terminating the action against such appealing defendants without disturbing the counterclaims against the other three additional defendants.

2. Pleadings § 8—

An original defendant is not entitled to the joinder of additional defendants against whom the original defendant claims no right to relief when plaintiff's action against the original defendant may be finally determined without their joinder. G.S. 1-69, G.S. 1-73.

**3. Same— Contractor, asserting no right against subcontractors, may not join them in suit by owner for breach of contract of construction.**

Plaintiff owner instituted this action alleging that defendant contractor failed to complete construction within the time specified in the contract, resulting in loss of rents, that defendant defectively constructed a part of the building, resulting in damage in a specified sum, and failed to complete the construction to plaintiff's damage in a specified sum. Defendant brought a counterclaim asserting that as permitted by the contract it had sublet parts of the construction to named subcontractors, and alleged that plaintiff had ordered extra work not called for by the contract which was performed by it and the subcontractors, constituting a counterclaim by defendant and such subcontractors, and that each of the subcontractors was bound by its contract with plaintiff and had assumed all obligations owed by the contractor to plaintiff. Defendant demanded no relief against the additional defendants, the counterclaim being only in favor of the original defendant and the additional defendants against plaintiff. Two of the additional defendants excepted and appealed from the order of the court allowing plaintiff's motion to strike the counterclaims against the subcontractors and revoking the order making the subcontractors additional parties. *Held:* The demurrer of the two appealing additional defendants should have been sustained and the counterclaim dismissed as to them.

APPEAL by Defendants Monroe Mechanical Contractors, Inc. and Interstate Roofing Co., Inc., from *McConnell, J.,* by consent of all parties in chambers, 30 August 1967.

The plaintiff alleged it entered into a three-part contract with defendant for the construction of a shopping center on land owned by plaintiff in Albemarle and that it has paid the guaranteed maximum price and fully performed its obligations. It appended to the complaint copies of the contract. It further alleged that in reliance upon the contract, it leased space to the W. T. Grant Company in the shopping center, promising delivery of the premises by 1 June 1966, with rent to begin 1 August 1966 at an annual minimum rental of $74,902.00; that although defendant had notice of the Grant lease, it failed to complete construction under the contract, deprived plaintiff of rental income and damaged it in the amount of $22,801.75 as a result.

The plaintiff further alleged that the defendant defectively constructed the roof and floors of the mall of the shopping center, damaging it in the amount of $4,800.00. Also, that defendant has failed and refused to complete its contract and has diminished the value of the shopping center $7,700.00. In addition, plaintiff alleged it had been required to pay A. C. Electric Company $2,367.25 for work included in the Conner contract. It sued to recover the total of these amounts, $37,669.00.

The defendant answered that it had fully completed its contract, denied any liability to plaintiff, and said by counterclaim that, as

permitted by the contract, it had sublet parts of it to (1) Winecoff Electric Co. for the electrical work; (2) Interstate Roofing Co. for the roofing work; (3) W. J. Sullivan for the plumbing work; (4) Monroe Mechanical Contractors, Inc. for heating and air conditioning; (5) Arrow, Inc. for outside utility work; and that each of the subcontractors was bound by its contract with plaintiff and had assumed all obligations owed by Conner to Quenby.

Defendant further alleged that Quenby ordered extras in the course of construction, which were furnished by it and its subcontractors to a value of $157,080.46; that plaintiff has refused to pay therefor and that defendant has filed liens against plaintiff's property in the claimed amount, alleging that plaintiff owed:

| | | |
|---|---|---|
| (1) | Frank H. Conner Co., defendant | $78,154.55 |
| (2) | Frank H. Conner Co. and Winecoff Electric Co., Inc. | 26,526.98 |
| (3) | Frank H. Conner Co. and Monroe Mechanical Contractors, Inc. | 8,475.30 |
| (4) | Frank H. Conner Co. and W. J. Sullivan | 34,512.77 |
| (5) | Frank H. Conner Co. and Arrow, Inc. | 2,983.33 |
| (6) | Frank H. Conner Co. and Interstate Roofing Co., Inc. | 6,427.53 |

The defendant prayed judgment against plaintiff for the above and asked that it be declared a lien on plaintiff's property and that it "have such other and further relief" as it may be entitled to.

The Answer was verified 22 May 1967 and filed the next day, 23 May 1967.

On the date of its filing, 23 May 1967, the Clerk signed an order saying that the subcontractors were proper parties and making each of them additional party defendants with the order that the answer and counterclaim of the Conner Company be served upon them. The record shows that the directed service was made. The provision of the order that it was made upon the application of the Conner Company is not supported by the record, but this omission is not material in view of later proceedings.

Upon service of the "counterclaim" and orders making them additional parties, Interstate, Sullivan, Winecoff and Monroe demurred for misjoinder of parties and causes and failure to state a cause of action. Arrow filed an answer and claimed Conner owed it $2,983.33.

The plaintiff moved that the part of the Answer setting up coun-

terclaims against the subcontractors be stricken, and that the orders making the subcontractors parties be revoked.

Upon a hearing before the Judge, it was ordered that these motions be denied, that all the demurrers of the subcontractors be overruled and that they (the subcontractors) were necessary and proper parties.

Winecoff, Sullivan and Arrow did not except. The plaintiff excepted but did not appeal. Interstate and Monroe excepted and appealed.

*Richardson and Dawkins by Koy E. Dawkins, Attorneys for additional defendant appellant, Monroe Mechanical Contractors, Inc.*

*Grier, Parker, Poe & Thompson by William E. Poe and Gaston H. Gage, Attorneys for additional defendant appellant, Interstate Roofing Co., Inc.*

*Gardner, Connor & Lee by D. M. Connor, Attorneys for original defendant appellee, Frank H. Conner Company.*

*Brown, Brown & Brown by Charles P. Brown, Attorneys for additional defendant appellees, Winecoff Electric Co., Inc. and W. J. Sullivan.*

PLESS, J. An anomalous situation is presented in this case. Five subcontractors were made new parties — four of them demurred. The fifth filed an answer setting up a counterclaim against the original defendant, the contractor. The plaintiff moved to strike so much of the original defendant's further answer that in a practical sense it amounted to a motion to strike it in its entirety. This motion was denied, and plaintiff excepted but did not appeal. From adverse rulings upon the demurrers of the new parties, two defendants did not except. The other two, Interstate and Monroe, excepted and appealed.

It is apparent that the plaintiff and three of the subcontractors are content to have their litigation adjudicated in this action. If so, that was their right. The other two, Interstate and Monroe, by this appeal demonstrate their desire for different and separate methods. Even though it would be desirable to make a uniform ruling as to all five defendants, who occupy similar legal positions, we can rule only as to those who properly present their appeals. But with no uniformity of action by five who are uniformly affected by the ruling of the lower court, we are required to make what might appear as an incongruous decision.

The demurrers of the two appealing defendants are well taken. First because no claim has been made against them. "There must be in the first place, of course, a claim asserted by the original defendant which, tested by the substantive rules discussed in the pre-

ceding section, makes out a *prima facie* case on the pleading for relief over in favor of the original defendant, or third-party plaintiff, against the third-party defendant." 1 McIntosh, North Carolina Practice and Procedure (1964 pp.), § 722.5, pp. 77 and 78. McIntosh further says in Footnote 19.21 at page 78:

> "The allegations of such a cross-complaint are subject to the normal rules applying to the formal and substantive sufficiency of statement of any pleading asserting a cause of action for affirmative relief. *Jones v. Douglas Aircraft Co.,* 253 N.C. 482, 117 S.E. 2d 496 (1960)."

While Conner alleged in its further answer that Interstate had furnished "extras" to the extent of $6,427.53 and that Monroe had furnished them in the amount of $8,475.30, it asked no relief against them. On the contrary, it alleged that the plaintiff was indebted to it and to Interstate and Monroe in these amounts; that the plaintiff had refused to pay therefor, liens had been filed against the plaintiff's property for the alleged indebtedness and prayed judgment against the *plaintiff* for them. The tenor of the further answer was that Conner and the subcontractors had no controversy against each other but had a common cause against Quenby.

Even had there been a dispute between Conner and its subcontractors, it would not be germane to the plaintiff's cause of action because there is no allegation by the plaintiff of privity of contract existing between the additional party defendants and the plaintiff. In fact, the contract says: "Nothing contained in the contract documents shall create any contractual relation between any subcontractor and the owner."

This Court said in *Moore v. Massengill,* 227 N.C. 244, 41 S.E. 2d 655, in reference to G.S. 1-73:

> "It is not intended to authorize the engrafting of an independent action upon an existing one which is in no way essential to a full and complete determination of the original cause of action. . . . 'But it does not imply that any person who may have cause of action against the plaintiff alone, or cause of action against the defendant alone, unaffected by the cause of action as between the plaintiff and defendant, may or must be made a party. It does not contemplate the determination of two separate and distinct causes of action, as between the plaintiff and a third party, or the defendant and a third party, in the same action.' "

G.S. 1-69 provides:

"All persons may be made defendants, jointly, severally, or in the alternative, who have, or claim, an interest in the controversy adverse to the plaintiff, or who are necessary parties to a complete determination or settlement of the questions involved."

*Gaither Corp. v. Skinner,* 238 N.C. 254, 77 S.E. 2d 659, was an action in which the Gaither Corp. alleged it had contracted with Skinner to construct a building for it, and that the defendant had used faulty and defective materials in the construction of the roof and demanded damages in an amount sufficient to replace the defective roof. Skinner denied the allegations and alleged that he had subcontracted the construction of the roof to one C. R. Hopkins and that if it were defective, that Hopkins was responsible to the plaintiff and to the defendant and prayed that Hopkins be made a party to the action. The clerk granted the prayer, and Hopkins entered a special appearance and moved that he be dismissed from the action. The lower court allowed the motion, and Skinner appealed. It can be seen that the situation in that case was similar to the one under consideration here. The Court speaking through Devin, C.J., said:

 " 'Necessary or indispensable parties are those whose interests are such that no decree can be rendered which will not affect them, and therefore the court cannot proceed until they are brought in. Proper parties are those whose interests may be affected by a decree, but the court can proceed to adjudicate the rights of others without necessarily affecting them, and whether they shall be brought in or not is within the discretion of the Court.' McIntosh, Prac. and Proc., Sec. 209, p. 184; *Colbert v. Collins,* 227 N.C. 395, 42 S.E. 2d 349; *Burgess v. Trevathan,* 236 N.C. 157, 72 S.E. 2d 231.
 "The plaintiff has elected to pursue his action against the contractor with whom he contracted in order to recover damages for an alleged breach of that contract, and plaintiff should be permitted to do so without having contested litigation between the contractor and his subcontractor projected into the plaintiff's lawsuit. *Montgomery v. Blades,* 217 N.C. 654, 9 S.E. 2d 397."

In *Insurance Co. v. Waters,* 255 N.C. 553, 122 S.E. 2d 387, Parker, J., now C.J., speaking for the Court said:

 "The question presented by the demurrer for decision is whether all parties are affected by all the causes of action alleged in appellants' [appellees'] further answer and defense, not whether some parties may be affected by some causes of action. It is obvious that the multiple causes of action alleged in ap-

pellants' [appellees'] further answer and defense do not affect all of the parties to the action, do not arise out of the same transaction, nor are all the transactions connected with the same subject of action."

In *Johnson v. Scarborough,* 242 N.C. 681, 89 S.E. 2d 420, it was said:

"'There must be at least substantial identity between the causes of action before they can be united in one suit, because, if there is not, the several causes of action may, for their decision, depend upon very different facts and principles of law, which would tend to confusion and uncertainty in the trial of the case and result in great prejudice to some, if not all, of the parties.'"

For the reasons above stated and based upon the authorities cited, we are of the opinion that the demurrers of the two appealing defendants should have been sustained and the cross action dismissed as to them.

Reversed.