STANTON J. PRESNELL and wife, HELEN A. PRESNELL and MAY-BERRY PAYNE, Executor of the Estate of Ethel L. Sikes v. TROLLINGER INVESTMENT COMPANY

No. 7419SC18

(Filed 20 February 1974)

1. Parties § 1; Rules of Civil Procedure §§ 21, 56— absence of necessary parties — summary judgment

   The trial court erred in granting summary judgment for defendant based on the absence of necessary parties plaintiff. G.S. 1A-1, Rule 21.

2. Parties § 1; Rules of Civil Procedure § 21— absence of necessary parties — mistrial

   In an action involving location of the boundaries of three separate tracts of land, the trial court erred in declaring a mistrial when the evidence disclosed that plaintiffs named as owners of a one-half undivided interest in one of the tracts were not actually the owners and that the true owners of such interest were not parties to the action; rather, the court should have proceeded under G.S. 1A-1, Rule 21, to determine if parties could have been dropped or added on terms which would have been just to the parties and should have at least proceeded with trial as to the two other tracts.

Presnell v. Investment Co.

3. **Parties § 2; Rules of Civil Procedure § 17— absence of real party in interest — dismissal of action**

   The trial court erred in dismissing an action for failure to prosecute in the name of the real party in interest where the court's order was not founded upon a determination that such failure had lasted beyond a reasonable time. G.S. 1A-1, Rule 17(a).

APPEAL by plaintiffs from *Seay, Judge,* 28 May 1973 Session of Superior Court held in RANDOLPH County.

In this civil action, instituted on 13 April 1972, plaintiffs seek injunctive relief and recovery for injury to their real estate. They allege in pertinent part: Plaintiffs Presnell are are the owners of two tracts of land, one tract containing 1.4 acres and the other containing 11 acres. Plaintiffs Presnell and the estate of Ethel L. Sikes are the owners of a third tract of land, containing 3.02 acres, the Presnells owning a one-half interest and the Sikes estate owning a one-half interest in said tract. The executor of the E. L. Sikes estate is a party plaintiff. Defendant is engaged in the business of developing real estate. On or about 10 April 1972, defendant's agents went upon plaintiffs' lands, cut and removed trees, and otherwise trespassed upon plaintiffs' lands; plaintiffs are informed and believe defendant proposes to do further irreparable damage to their property. Plaintiffs asked for a temporary and permanent injunction and for $5,000 damages.

Defendant filed answer denying any trespass on plaintiffs' land. By a further answer, defendant alleged that it owned a 70.16 acre tract of land and that "plaintiffs question the boundary between the plaintiffs and the defendant and the plaintiffs have created a dispute as to said boundaries." Defendant asked that the line dividing its lands from plaintiffs' lands be established.

A temporary order restraining defendant from going upon plaintiffs' lands was entered and, by consent, upon the posting of a substantial bond by plaintiffs, the order was continued in full force and effect pending a determination of the issues.

On 14 September 1972, defendant filed a motion asking that the restraining order be dissolved. Following a hearing, Judge Armstrong entered an order on 28 September 1972 denying the motion but on the same day entered a second order in which, among other things, he appointed surveyors to survey the lands involved in the litigation.

On 11 May 1973, defendant filed motion pursuant to Rule 56 asking for summary judgment as to the 3.02 acre tract and that the restraining order as to it be dissolved for that (1) the survey made by court appointed surveyors shows that the disputed line of that tract is as contended by defendant, and (2) proper parties have not been made as ordered by the court on 4 April 1973.

On 31 May 1973, following a hearing on defendant's motion for summary judgment, Judge Seay entered a "judgment" which included the following:

(1) Findings that this action came on for trial before Judge Crissman at the 2 April 1973 Session of Randolph Superior Court; that plaintiffs' evidence at the trial disclosed that the heirs at law of J. A. Sikes (rather than Ethel L. Sikes) were co-owners with plaintiffs Presnell of the 3.02 acre tract; that Judge Crissman declared a mistrial for reason that the J. A. Sikes heirs were not parties to the action and instructed counsel for plaintiffs to make said heirs parties to the action within 30 days from 5 April 1973; that said heirs have not been made parties and they are necessary parties to a final determination of the issues in this action.

(2) Concluded that this action can be tried in a more orderly manner by a trial as to the lands owned by plaintiffs Presnell separately from a trial involving the 3.02 acre tract in which the J. A. Sikes heirs own an interest.

(3) Ordered that this action be dismissed as to the 3.02 acre tract, and the restraining order as to it be dissolved, all "without prejudice," and this action shall remain in full force and effect as to the other two tracts.

(There were other proceedings and orders entered prior to Judge Seay's order but they are not considered pertinent to the questions presented on this appeal.)

Plaintiffs appealed from Judge Seay's judgment.

*Ottway Burton for plaintiff appellants.*

*Moser and Moser, P.A., by Thad T. Moser, for defendant appellees.*

BRITT, Judge.

Plaintiffs assign as error the entry of summary judgment in favor of defendant as to the 3.02 acre tract for the reason that plaintffs were not given notice of the time and place of the hearing of the motion for summary judgment. We think the court erred in entering summary judgment but for reasons more substantial than that given by plaintiffs, therefore, we do not reach the question of notice.

[1] Summary judgment is provided for by G.S. 1A-1, Rule 56. Subsection (c) provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." It appears that the granting of summary judgment in the instant case was based on the lack of necessary parties and that question appears to be covered by G.S. 1A-1, Rule 21, which provides: "Neither misjoinder of parties nor misjoinder of parties and claims is ground for dismissal of an action; but on such terms as are just parties may be dropped or added by order of the court on motion of any party or on its own initiative at any stage of the action. Any claim against a party may be severed and proceeded with separately."

[2] The question of joinder also arises and G.S. 1A-1, Rule 20(a) provides: "Permissive Joinder. All persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all parties will arise in the action." G.S. 1A-1, Rule 19(a) provides that " . . . those who are united in interest must be joined as plaintiffs or defendants . . . . " In this action there are three separate tracts of land; plaintiffs Presnell allegedly own two of the tracts in fee simple; they, together with the heirs of J. A. Sikes, allegedly own the third tract. As to the claims relating to the separate tracts of land, there was permissive joinder. With respect to parties, plaintiffs Presnell *and* the heirs of J. A. Sikes would be necessary parties as to the claim involving the 3.02 acre tract.

Under Rule 21 it would appear that the action of Judge Crissman in ordering a mistrial was not appropriate. An order

severing the claims and proceeding with trial as to the two tracts owned by plaintiffs Presnell would have been appropriate. Under the prior procedure there was a misjoinder of parties and causes if any plaintiff or defendant, though interested in one or more tracts, was not interested in all tracts. See 1 McIntosh N. C. Practice and Procedure, § 647, at 346 (2nd ed. 1956), citing *Burleson v. Burleson,* 217 N.C. 336, 7 S.E. 2d 706 (1940), and also *Insurance Co. v. Waters,* 255 N.C. 553, 122 S.E. 2d 387 (1961). Where there was a misjoinder of both parties and causes of action, generally a severance was not permissible; usually there would be a dismissal. For a full discussion of the consequences of a "dual misjoinder" under prior procedure, see Brandis, Permissive Joinder of Parties and Causes in North Carolina, 25 N.C. L. Rev. 1, 49-53 (1946).

It is quite clear from G.S. 1A-1, Rule 21, Comment, that Rule 21 was designed to cover the situation presented by the case at hand. As the Comment points out, Rule 21 is an exact counterpart to federal Rule 21 except for the addition of the phrase "nor misjoinder of parties and claims," which was inserted because of the prior procedure upon "dual misjoinder." Judge Crissman should have proceeded under Rule 21 to determine if parties could have been dropped or added on terms which would have been just to the parties. One of the purposes of Rule 21 is to insure that parties properly before the court may litigate their differences without being penalized by delay due to those who are not properly before the court.

[3] G.S. 1A-1, Rule 17(a), provides: "No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest . . . . " Judge Seay's order worked to dismiss the action for failure to prosecute in the name of the real party in interest. However, his order was not founded upon a determination that such failure had lasted beyond a reasonable time.

For the reasons stated, the judgment appealed from is vacated and this cause is remanded to the superior court for further proceedings consistent with this opinion.

Error and remanded.

Judges PARKER and VAUGHN concur.