MARION HENDERSON v. LUCILLE MATTHEWS

BERTHLAND ROGERS v. MARION HENDERSON AND LUCILLE
MATTHEWS

MARGIE RUTH NEWKIRK v. MARION HENDERSON AND LUCILLE
MATTHEWS

KATIE MAE MATTHEWS LANIER v. MARION HENDERSON AND
LUCILLE MATTHEWS

No. 66

(Filed 14 May 1976)

1. Appeal and Error § 1— appellate jurisdiction — rights of party who
failed to appeal

   Appellate courts generally do not vindicate the rights of parties
aggrieved at trial who could appeal but choose not to do so.

2. Appeal and Error § 1— appellate jurisdiction — rights of party who
failed to appeal

   Parties aggrieved at trial who could but choose not to appeal
are bound by the actions of the trial court even if these actions are
later determined to be erroneous upon the appeal of another party.

3. Appeal and Error § 1; Judgments § 36— failure to appeal — binding
effect of judgment — new trial upon appeal by another

   In an action arising out of a two-car collision, plaintiff pas-
sengers, by failing to appeal, are bound by judgments against them
and in favor of defendant driver of one car involved in the collision,
and the Court of Appeals was without authority to order new trials
of the passengers' claims against such driver upon an appeal taken
only by the driver of the other car.

ON *certiorari* to review a decision of the Court of Appeals
reported at 26 N.C. App. 280, 215 S.E. 2d 808 (1975). This case
was docketed and argued as No. 69 at the Fall Term 1975.

These four civil actions, consolidated for trial, arise out of
an automobile collision occurring on December 23, 1970, involv-
ing a 1963 Ford automobile owned and operated by Marion
Henderson and a 1967 Rambler automobile owned and operated
by Lucille Matthews. The plaintiffs, Rogers, Newkirk, and La-
nier were all passengers in the Matthews vehicle.

In Case No. 73-CVD-494 Henderson sued Matthews to recover for personal injuries and property damage suffered in the collision on the ground of Matthews' negligence. Answering, Matthews denied her negligence and pleaded contributory negligence of Henderson. She did not seek any affirmative relief against Henderson.

In Cases Nos. 73-CVD-1309, 73-CVD-1310, and 73-CVD-1311 Rogers, Newkirk, and Lanier, respectively, sued Henderson and Matthews seeking recovery for personal injuries suffered in the collision. In each of these passenger suits the negligence of Henderson was specified and alleged to be the sole proximate cause of the collision. Each plaintiff also alleged "in the alternative . . . if it should be determined under any interpretation of the law or facts that the defendant, LUCILLE MATTHEWS, was also negligent and that her negligence joined and concurred with the negligence of the defendant, MARION HENDERSON, and was one of the proximate causes of said collision" that he, or she, then have recovery against the defendants "jointly or severally." In none of the passenger cases was the negligence of Matthews specified. In each of the passenger cases Henderson, answering, denied his negligence and, alternately, asserted a cross-claim for contribution against Matthews. Matthews, in each passenger suit, filed general denials to both the claim and cross-claim but sought no affirmative relief.

Four sets of issues, one set in each case, were submitted to the jury. In the suit between the vehicle operators the jury found that Henderson was injured and damaged by the negligence of Matthews, that Henderson was not contributorily negligent, and awarded damages for Henderson's personal injuries and property damage. In each of the passenger suits the jury found that plaintiff was injured by the negligence of Matthews, that defendant Henderson was not negligent and awarded damages for plaintiff's personal injuries. Judgments against Matthews were entered in each case. Only Matthews appealed to the Court of Appeals.

A summary of the evidence adduced at trial is set out in the Court of Appeals' opinion.

Because of error in the instructions to the jury, "among others," the Court of Appeals vacated all judgments, set aside all verdicts, and ordered new trials on all claims.

*Crossley & Johnson, by Robert White Johnson, Attorneys for Petitioner Henderson.*

*Johnson & Johnson, by Rivers D. Johnson, Jr., Attorneys for Respondent Matthews.*

*E. C. Thompson III, Attorney for Respondents, Rogers, Newkirk and Lanier.*

EXUM, Justice.

We allowed Henderson's petition for further review to consider whether the Court of Appeals erred in ordering new trials of the passengers' claims against defendant Henderson upon an appeal taken only by defendant Matthews. In our opinion it did.

**[1, 2]** Appellate courts do not generally vindicate the rights of parties aggrieved at trial who could appeal but choose not to do so. *Quenby Corp. v. Connor Co.*, 272 N.C. 208, 158 S.E. 2d 18 (1967); *cf. Van Dyke v. Insurance Co.*, 173 N.C. 700, 91 S.E. 600 (1917); *but see Edwards v. Butler*, 244 N.C. 205, 92 S.E. 2d 922 (1956) (exercise of supervisory powers of Supreme Court which benefited non-appealing party in an *in rem* action). The Court in *Quenby* said, 272 N.C. at 211, 158 S.E. 2d at 20, "Even though it would be desirable to make a uniform ruling as to all. five defendants, who occupy similar legal positions, we can rule only as to those who properly present their appeals." Parties aggrieved at trial who could but choose not to appeal are bound by the actions of the trial court even if these actions are later determined to be erroneous upon the appeal of another party. *Mayo v. Casualty Co.*, 282 N.C. 346, 192 S.E. 2d 828 (1972); *Conger v. Insurance Co.*, 266 N.C. 496, 146 S.E. 2d 462 (1966); *cf. Gower v. Insurance Co.*, 281 N.C. 577, 189 S.E. 2d 165 (1972); *Pinnix v. Griffin*, 221 N.C. 348, 20 S.E. 2d 366 (1942).

Both *Mayo* and *Conger* were actions against two defendants in the alternative. Theories of liability against defendants, respectively, in each case were mutually exclusive. In each case the trial court found in plaintiff's favor against only one of the defendants. Only the losing defendant in each case appealed. In neither case did the plaintiff appeal.

In *Mayo* the Court of Appeals awarded the appealing defendant a new trial saying, "Plaintiff did not appeal. The judg-

ment is therefore a final adjudication as between plaintiff and [the successful defendant below]." 15 N.C. App. at 311, 190 S.E. 2d at 399. Upon further review of this case, this Court held that plaintiff could not, as a matter of law, recover against the appealing defendant and that rather than order a new trial, the Court of Appeals should have reversed the judgment against this defendant. This Court said, further, "In this respect only the judgment of the Court of Appeals is in error." 282 N.C. at 356, 192 S.E. 2d at 834.

In *Conger* this Court reversed a judgment against the appealing defendant saying, "The judgment does not disclose the ground on which the [trial] court adjudged that plaintiff 'have and recover nothing' of [the successful defendant below]. Plaintiff did not appeal. Hence, the judgment is a final adjudication as between plaintiff and [the successful defendant below]." 266 N.C. at 499, 146 S.E. 2d at 464-465.

The upshot of the decisions on appeal in both *Mayo* and *Conger* was that plaintiff in each case by failing to appeal an adverse judgment as to one of the defendants, lost all right to proceed further against that defendant when a favorable judgment against the appealing defendant was reversed. This was true in *Mayo* even though it was determined finally on appeal in this Court that plaintiff should have been awarded a recovery against the successful defendant at trial.

[3]  The passenger plaintiffs, by failing to appeal, are bound by the judgments against them and in favor of defendant Henderson although there might have been error in the trial leading to these judgments. While Matthews may have desired that the passenger plaintiffs recover against Henderson, Matthews was not aggrieved by their failure to do so but only by their recovery against her. Under the rationale in *Mayo* and *Conger* Matthews' appeal can challenge only the recovery against her. Matthews' appeal "did not bring before the Court of Appeals, and so does not present to us, so much of the judgment of the superior court as adjudicated the right of the [passenger] plaintiff[s] to recover from [Henderson]." *Mayo v. Casualty Co., supra* at 356, 192 S.E. 2d at 834.

The Court of Appeals was without authority on Matthews' appeal to order new trials of the passengers' claims against Henderson. The Court of Appeals could at most have awarded,

upon the errors assigned, new trials in Henderson's and the passengers' claims against Matthews.

The decision of the Court of Appeals is therefore vacated and this matter remanded to it for disposition in accordance with this opinion.

Vacated and remanded.