LAWRENCE E. KACZALA v. GEORGE GRADY RICHARDSON v. CITY OF WILMINGTON

No. 62

(Filed 14 May 1976)

**Appeal and Error § 1; Judgments § 36— failure of defendant to appeal — effect of other parties' appeals**

Where defendant did not appeal from an adverse determination of his claim for property damage and personal injury in the first trial, appeals by plaintiff and the third party defendant from an adverse determination of their claims did not give the Court of Appeals jurisdiction to consider or grant a new trial on defendant's claim.

ON appeal from a decision of the North Carolina Court of Appeals reported at 26 N.C. App. 268, 215 S.E. 2d 852 (1975). The opinion is by *Vaughn, J.,* concurred in by *Parker, J.* The dissent of *Britt, J.,* gives rise to the appeal. This case was docketed and argued as Case No. 48 at the Fall Term 1975.

Plaintiff, operator of a fire truck belonging to the City of Wilmington, brought suit to recover for his personal injuries allegedly incurred in a collision between the truck and an automobile being operated by defendant Richardson on the ground of Richardson's negligence. Richardson, answering, denied negligence, pleaded contributory negligence, and asserted by way of counterclaim and third-party complaint a claim for recovery of his property damage and personal injuries against the City and Kaczala. The City, answering, cross-claimed against Richardson for damage to its truck.

When the matter came on for trial before Wells, J., on June 12, 1972, the jury answered issues as to Richardson's negligence and Kaczala's contributory negligence affirmatively.

Kaczala v. Richardson

From a judgment denying recovery to any party, only Kaczala and the City appealed. The Court of Appeals in an opinion by Britt, J., awarded the appellants a new trial for errors committed.

At a second trial before Tillery, J., Kaczala and the City moved that the trial be limited to Kaczala's and the City's claims against Richardson inasmuch as Richardson had not appealed from the judgment adverse to him at the first trial. Judge Tillery reserved ruling on the motion and the trial proceeded resulting in a jury verdict in Richardson's favor against Kaczala and the City. The jury awarded Richardson damages for personal injury and damage to his automobile. Judge Tillery refused, however, to enter judgment as tendered by Richardson in accordance with the verdict but instead entered a judgment denying all parties a recovery.

Defendant Richardson appealed, assigning as error Judge Tillery's judgment as entered and his refusal to enter judgment on the verdict. The Court of Appeals reversed and remanded the case for entry of judgment in conformity with the verdict. Kaczala and the City appeal from this decision.

*Smith & Spivey, by Vaiden P. Kendrick, Attorneys for Appellant Lawrence E. Kaczala.*

*Yow & Yow, by Cicero P. Yow, Attorneys for Appellant City of Wilmington.*

*Prickett & Scott, by Carlton S. Prickett, Jr., and Marshall, Williams, Gorham & Brawley, by Lonnie B. Williams, Attorneys for Appellee George Grady Richardson.*

EXUM, Justice.

The Court of Appeals' majority saw the issue before it as whether on the first appeal it awarded "a partial new trial." Realizing that it could "in a proper case," direct a partial new trial it held that since the issues to be retried were not specifically and expressly designated in its first opinion, a "partial new trial" was not ordered. The majority then concluded that it was proper for Richardson's counterclaim and cross-claim to be retried and that judgment should have been entered on the verdict.

Because, we believe, the Court of Appeals' majority erroneously identified the issue before it, it reached an erroneous

Kaczala v. Richardson

conclusion. The issue, as indicated by Judge Britt in his dissent, was not whether fewer than all issues on any given claim ought to be retried, but whether Richardson's claim, in its entirety, against the plaintiff and third-party defendant ought to be retried. When the question is thus put, it is clear that the answer is "No."

Richardson did not appeal from an adverse determination of his claim in the first trial. He was, consequently, bound by this determination. Kaczala's and the City's appeals from an adverse determination at the first trial of their claims did not give the Court of Appeals jurisdiction to consider or grant a new trial on Richardson's claim. *Henderson v. Matthews*, 290 N.C. 87, 224 S.E. 2d 612 (1976) and cases therein cited.

That Richardson's claim was barred in the retrial did not preclude him from retrying all of the issues in the claims asserted against him, including the issue of the contributory negligence of Kaczala.

Judge Tillery, consequently, was correct in refusing to enter a judgment in favor of Richardson and in entering a judgment denying recovery to all parties. The Court of Appeals erred in reversing his judgment. The decision of the Court of Appeals is, therefore,

Reversed.